In re Nathan MATLOCK and
Lena Matlock, Debtors.

Nathan MATLOCK and Lena
Matlock, Plaintiffs,

v.

LOMAS MORTGAGE U.S.A., INC., and
A.L. Tenney, Trustee, Defendants.

Bankruptcy No. 92–30527M.
AP No. 92–3034.

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

April 22, 1993.

John H. Bradley, Blytheville, AR, for plaintiffs.

Robert C. McKinney, Little Rock, AR, for defendant, Lomas Mortg. U.S.A., Inc.

A.L. Tenney, N. Little Rock, AR, Chapter 13 Trustee.

MEMORANDUM OPINION

JAMES G. MIXON, Chief Judge.

On September 11, 1992, Nathan and Lena Matlock (debtors) filed a voluntary petition for relief under the provisions of chapter 13 of the United States Bankruptcy Code. The debtors' proposed plan and schedules lists Lomas Mortgage U.S.A. (Lomas) as a creditor holding a claim of $44,175.02 secured by a first deed of trust lien on the debtors' personal residence. The plan proposes that the debtors retain their residence and pay Lomas the regular monthly note payment of $449.00 and an additional

payment of $244.16 per month on a $5,860.00 arrearage. On September 28, 1992, Lomas filed an objection to confirmation of the plan. On October 23, 1992, the debtors filed this adversary proceeding against Lomas seeking to set aside a nonjudicial statutory foreclosure sale of their personal residence to Lomas and demanding that Lomas turn over the real property in question. The debtors also pleaded in the alternative that the stay be relaxed to permit a state court proceeding to set aside the sale. After a hearing on February 22, 1993, the case was taken under advisement.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and (L) (1988), and the Court has jurisdiction to enter a final judgment in the case. The following shall constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

On December 19, 1988, the debtors executed and delivered a promissory note to First Continental Mortgage Company (First Continental) in the principal sum of $44,900.00, plus interest at the rate of 10% per annum. On the same date, the debtors also executed a deed of trust in which they conveyed to Jerry Myers, trustee for the use and benefit of First Continental, title to their personal residence to secure repayment of the indebtedness evidence by the promissory note referred to above. The debtors' residence is located within Mississippi County, which has two districts: the Chickasawba District at Blytheville, Arkansas, and the Osceola District at Osceola, Arkansas. The debtors' residence is located within the Osceola District of Mississippi County.

First Continental's interest in the note and deed of trust was assigned to Lomas effective April 5, 1989. When the debtors' note payments became delinquent, Lomas initiated a nonjudicial foreclosure proceeding pursuant to the Arkansas Statutory Foreclosure Act (Ark.Code Ann. §§ 18–50–101 to –116 (Michie Supp.1991)). On June 24, 1992, a trustee's notice of default and intention to sell was filed with the Circuit Clerk of Mississippi County, Osceola District. The notice of default provided that the property would be sold at the main door of the Mississippi County Courthouse but failed to specify whether the sale would take place at the Osceola District Courthouse or the Chickasawba District Courthouse. On August 31, 1992, the property was sold to Lomas at a sale conducted at the Mississippi County Courthouse, Osceola District. On the same date, Lomas filed an affidavit of sale, and a trustee's deed with the Circuit Clerk of Mississippi County, Osceola District. The debtors' bankruptcy petition was filed September 11, 1992.

Lomas objects to the complaint for turn over and confirmation on the basis that it holds title to the debtors' residence pursuant to the sale which satisfied the promissory note executed by the debtors. Lomas also argues that the irregularities of the foreclosure sale are not significant enough to warrant setting the sale aside. The debtors argue that the sale should be set aside and the residence turned over to them because the statutory foreclosure sale is invalid due to irregularities in the sale.

## DISCUSSION

■ 11 U.S.C. § 541(a)(1) defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541(a)(1) (1988). The proposed plan implies that the debtors' interest in their residence is the fee simple title subject to a consensual lien in favor of Lomas. Lomas correctly argues that the debtors do not possess such an interest in this property. Ark.Code Ann. § 18–50–111(b) provides, in part, as follows: "The trustee's ... deed shall convey to the purchaser all right, title, and interest in the trust property the ... grantor had, ... at the time of the execution of the ... deed of trust." Ark. Code Ann. § 18–50–111(b) (Michie Supp. 1991). Lomas obtained all right, title and interest in the property when the trustee's deed was recorded on August 31, 1992, which was several days before the bankruptcy petition was filed.

■ Under state law, a statutory foreclosure is subject to a judicial review. *See*

Ark.Code Ann. § 18–50–116(d) (Michie Supp.1991). Irregularities in a foreclosure proceeding under Ark.Code Ann. § 18–50–101 et seq., (Michie Supp.1991), may be grounds to set the sale aside. *See Union Nat'l Bank v. Nichols*, 305 Ark. 274, 807 S.W.2d 36 (1991). Edward H. Schieffler, Note, *Nonjudicial Foreclosures in Arkansas with the Statutory Foreclosure Act of 1987*, 41 Ark.L.Rev. 373 (1988).

The court in *Union Nat'l Bank v. Nichols* observed that "[a] bankruptcy judge found that appellees raised issues concerning the non-judicial foreclosure sale which were not within its jurisdiction." *Id.* 807 S.W.2d at 37. This Court is convinced that these issues are core proceedings to determine what is property of the estate and that this Court has jurisdiction to make the necessary determination. *See* 28 U.S.C. § 157(b)(2)(E) (1988). However, the statute in question is a recent enactment of the Arkansas legislature and there is only one reported decision by a state appellate court construing the Act. The issues raised here are important issues relating to title to real estate under state law. This Court would necessarily have to speculate as to what decision would be made by the state appellate courts in order to decide the issues presented here.

Under general principles of comity, these issues should be determined by the state courts until such time as sufficient precedent has been established to indicate how the nonjudicial foreclosure act should be construed. Therefore, pursuant to 28 U.S.C. § 1334(c)(1) (1988), this Court abstains from determining the issues of the validity of the nonjudicial foreclosure proceedings. The automatic stay of 11 U.S.C. § 362 (1988) is relaxed, and the debtors are granted thirty days in which to file appropriate proceedings in the appropriate state court to determine whether the sale described herein is valid. The hearing on confirmation is continued and will be re-set by subsequent notice.

IT IS SO ORDERED.