**In re Garland DENTON.**

**Bankruptcy No. 90–50195S.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Dec. 17, 1993.

988

Tami Harlan, Little Rock, AR, for Arkansas Dept. of Human Services.

Karen Gulley, Little Rock, AR, for debtor.

### ORDER OF ABSTENTION

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor's Motion to Disallow Claim of Arkansas Department of Human Services, filed on June 8, 1993, which alleges that the debtor owes no debt to the Arkansas Department of Human Services ("DHS"). Hearing on this matter was held on November 9, 1993, after which the motion was taken under submission.

The essential facts of the case are not in dispute. However, the facts raise an issue of law creating the possibility of a conflict between two state courts. Accordingly, this Court does not believe it should properly be resolved by this Court. In the 1980's debtor received food stamp overpayments in the amount of $1,816.00. A criminal prosecution was initiated after which the action was *nolle prossed*, October 16, 1986, based upon payment of restitution in the amount of $906.00. The debtor heard nothing further from the state agency, DHS, until 1990 when, after her Chapter 13 case was filed, the agency asserted a claim for the balance of the overpayments, in the amount of $910. Debtor asserts she does not owe the funds since the matter was resolved in the criminal courts by her payment of the restitution. DHS contends that there is yet a balance on the civil debt since it was not a party to the criminal action or its settlement.

Under section 1334(c)(1) of title 28, a court may abstain from hearing a proceeding arising under title 11 or arising in or related to a case under title 11 in the interest of justice, or in the interest of comity with state courts or respect for state law. In determining whether such discretionary abstention is appropriate, there are numerous factors courts analyze. *See generally Continental Airlines v. Allen*, 156 B.R. 441 (Bankr.D.Del.1993) (listing factors). Where, as here, the issue before the Court [1] is one solely of state law, involving the effect of action taken by one state governmental agency, the prosecutor's office, upon another state agency, DHS, the interests of comity indicate that the matter is better resolved in state court.[2] The issue of whether the payment of

1. A bankruptcy court may raise abstention issues sua *sponte. Scherer v. Carroll*, 150 B.R. 549 (D.Vt.1993).

2. The fact that the dispute arises in the context of an objection to claim does not preclude abstention. The plain language of the "interests of justice" provision in the abstention statute indicates it is not limited to state law claims, but permits courts to abstain from deciding federal law claims on the ground that interest of justice so requires. *In re Apex Oil Co.*, 980 F.2d 1150 (8th Cir.1992). *See In re Tucson Estates, Inc.*, 912 F.2d 1162 (9th Cir.1990) (issue of whether plaintiffs were entitled to judgment in state court

restitution and resolution of the criminal action by one governmental unit precludes another governmental unit from collecting further on the debt is better decided by the appropriate state court. Accordingly, it is appropriate to abstain from hearing this dispute. Abstaining from this issue will give effect to the interest of comity and state law, and does not prejudice the estate or other creditors. *See Matlock v. Lomas Mortgage USA, Inc.,* 154 B.R. 721 (Bankr.E.D.Ark. 1993) (Discretionary abstention was warranted for determination of issues regarding Arkansas statute not yet interpreted by Arkansas courts).

**ORDERED** that the Court abstains from the issues presented by the debtor's Motion to Disallow Claim of Arkansas Department of Human Services, filed on June 8, 1993.

**IT IS SO ORDERED.**

is distinct from the status and enforceability of the claim in bankruptcy).