### In re Ronald W. COCKINGS.

### William R. AUSTIN, Plaintiff,

### v.

### Ronald W. COCKINGS, Bonnie O. Cockings, Court Clerk of Pottawatomie County, Oklahoma, Charles M. Laster, and James F. Dowden, Trustee for the Bankruptcy Estate of Ronald W. Cockings, Defendants.

**Bankruptcy No. 93–42638 S.
Adv. No. 95–4099.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

May 3, 1996.

---

Steven W. Soule, Tulsa, OK, Mary J. Pruniski, Little Rock, AR, for William R. Austin.

David A. Grace, Little Rock, AR, for Bonnie Cockings.

Richard D. Taylor, Little Rock, AR, for Charles M. Laster.

Stephen Bennett, Sherwood, AR, for Ronald Cockings.

Tom T. Pruitt, Tulsa, OK, for Court Clerk of Pottawatomie Co., OK.

James F. Dowden, Trustee, Little Rock, AR.

### ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a review of the Court file, the "Motion of Bonnie Cockings for Summary Judgment" filed on March 4, 1996, and the Cross–Motion for Summary Judgment of Charles Laster, filed on March 26, 1996. Trial in this matter is set for May 8, 1996. In addition, in the main case file there is pending the Trustee's Amended Application for Employment of Special Counsel with regard to which a separate Order will be entered.

■ William Austin ("Austin") holds a judgment against the debtor Ronald Cockings, and has an adverse judgment against him in favor of Ronald Cockings and his wife, Bonnie Cockings. Austin filed this adversary proceeding requesting injunctive relief, setoff of a debt represented by judgments, as well as turnover of a supersedeas bond held in the Oklahoma court to the trustee. This Court granted a preliminary injunction prohibiting the parties from continuing the litigation of the pending Oklahoma case and prohibiting distribution of the proceeds of the bond.

Count I of the Complaint must be dismissed inasmuch as Austin has no standing to request turnover to the trustee. That is solely an action held by the trustee and no other unless special circumstances are shown and prior approval of court is given. *In re Perkins*, 902 F.2d 1254 (7th Cir.1990); *In re Price*, 173 B.R. 434 (Bankr.N.D.Ga.1994).

The Court will abstain from hearing Count II of the complaint inasmuch as all issues in that count are issues of Oklahoma state law.

■ Section 553 [1] of the Bankruptcy Code does not create new rights to setoff but merely preserves any right to setoff a creditor may have against the debtor under nonbankruptcy law. The elements of the right to setoff which Austin must prove are:

to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that

1. Section 553 provides:
 553. Setoff.
 (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor

(1) that the debt is mutual, *i.e.*, that each party has the right, in his own name, to collect against the other, in his own right. *In re MetCo Mining and Minerals, Inc.*, 171 B.R. 210, 217 (Bankr.W.D.Pa.1994); *In re Glaze*, 169 B.R. 956, 964 (Bankr.D.Ariz.1994).

(2) the debt owing to the creditor arose before the bankruptcy case;

(3) the claim against the creditor arose before the bankruptcy case; and

(4) that the right to setoff exists under nonbankruptcy law. *See In re Whitaker*, 173 B.R. 359, 361 (Bankr.S.D.Ohio 1994); *see also In re MetCo Mining and Minerals, Inc.*, 171 B.R. 210, 216 (Bankr.W.D.Pa.1994).

■ Thus, Austin must demonstrate, in part,[2] that the debts are mutual under Oklahoma law and that the right to setoff exists under Oklahoma law. Inasmuch as there is no dispute as to the second and third elements of the action, there remains only issues of Oklahoma law, which issues, to this Court, are not clearly enunciated by existing Oklahoma law.

Under section 1334(c)(1) of title 28, a court may abstain from hearing a proceeding arising under title 11 or arising in or related to a case under title 11 in the interest of justice, or in the interest of comity with state courts or respect for state law. In determining whether such discretionary abstention is appropriate, there are numerous factors courts analyze. *See generally Continental Airlines v. Allen*, 156 B.R. 441 (Bankr.D.Del.1993) (listing factors). Where, as here, the issues before the Court[3] are solely of state law, the issues are already pending before that state court, (here, pursuant to a motion filed by Austin and upon instruction by the Oklahoma Supreme Court), and the Oklahoma courts have long presided over this litigation, the

interests of comity compel the conclusion that the matter is better resolved in the Oklahoma courts. Further, the Court has reviewed the law regarding setoff and finds that the law may be unsettled such that the issue of whether Austin has a right to setoff under Oklahoma law is better decided by an Oklahoma court.

There are issues pending in Oklahoma which must be resolved prior to any right to setoff which are not before this Court. Specifically, the Oklahoma trial court must determine the correct judgment interest amount under Oklahoma law. Until such time as that determination is made by the Oklahoma court, even if setoff is permissible, the estate's interest in the judgment against Austin cannot even be calculated. Accordingly, it is appropriate for this Court to abstain from hearing this dispute. Abstaining from this issue will give effect to the interest of comity and state law, and does not prejudice the estate or other creditors. *See Matlock v. Lomas Mortgage USA, Inc.*, 154 B.R. 721 (Bankr.E.D.Ark.1993) (Discretionary abstention was warranted for determination of issues regarding Arkansas statute not yet interpreted by Arkansas courts).

Finally, the Court does not believe that abstention will cause delay in the ultimate distribution of the assets of the estate because, as noted above, the Oklahoma state court must, in any event, determine the correct judgment amount. Since the case has long been pending in Oklahoma, the Court believes that the Oklahoma Court also has an interest in bringing the litigation before it to a prompt conclusion and will not delay in doing so.

Based upon the foregoing, it is

**ORDERED** as follows:

---

arose before the commencement of the case, except to the extent that
 (1) the claim of such creditor against the debtor is disallowed;
 (2) such claim was transferred, by an entity other than the debtor, to such creditor—
 (A) after the commencement of the case; or
 (B)(i) after 90 days before the date of the filing of the petition; and
 (ii) while the debtor was insolvent; or
 (3) the debt owed to the debtor by such creditor was incurred by such creditor—
 (A) after 90 days before the date of the filing of the petition; and

 (B) while the debtor was insolvent; and
 (C) for the purpose of obtaining a right of setoff against the debtor.

**2.** There does not appear to be any dispute as to the merits of the second and third elements of the right to setoff.

**3.** A bankruptcy court may raise abstention issues *sua sponte*. *Scherer v. Carroll*, 150 B.R. 549 (D.Vt.1993).

1. The "Motion of Bonnie Cockings for Summary Judgment" filed on March 4, 1996, is DENIED. The issues raised in that motion and Austin's response are pending before the Oklahoma state court and shall be decided in that forum.

2. The Cross–Motion for Summary Judgment of Charles Laster, filed on March 26, 1996, is DENIED.

3. The trial scheduled for May 8, 1996, is canceled.

4. The preliminary injunction issued by this Court on August 3, 1995, is hereby modified to permit the parties to continue with all issues pending before the District Court of Pottowatomie County, Oklahoma, including, but not limited to, determination of all rights to set-off under Oklahoma law, determination of issues relating to Laster's attorney lien under Oklahoma law, and the issues relating to interest on the judgment. This lifting of the injunction includes filing and prosecution of any appeals from the orders of the Oklahoma trial court. The injunction will stay in effect with regard to distribution of the bond. The bond shall not be distributed.

5. Count I of the complaint is DISMISSED.

6. The Court hereby ABSTAINS from determining the issues in Count II of the complaint, and all defenses raised thereto, pending determination of those state law issues by the District Court of Pottowatomie County, Oklahoma, and completion of any appeals from orders of that court.

7. The trustee is hereby directed to file a Status Report in the main case file with the Court within sixty (60) days of entry of this Order and every sixty (60) days thereafter to advise the Court of the status of the state-court litigation. Upon determination of the issues by the state court the trustee shall immediately notify this Court of the state court's actions.

8. This adversary proceeding is placed in suspension pending appropriate action by the trustee to recover the asset of the estate.

**IT IS SO ORDERED.**