

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-18-00325-CV

---

MARLENE W. MITCHELL, Appellant

V.

WILMINGTON SAVINGS FUND SOCIETY, FSB D/B/A CHRISTIANA TRUST
AS TRUSTEE OF THE AMERICAN MORTGAGE INVESTMENT PARTNERS
FUND I TRUST AND WILMINGTON SAVINGS FUND SOCIETY, FSB D/B/A
CHRISTIANA TRUST AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT
OPPORTUNITIES TRUST III, Appellee

---

On Appeal from the 17th District Court
Tarrant County, Texas
Trial Court No. 017-291827-17

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

This appeal is from the trial court's final summary judgment for Wilmington Savings Fund Society, in its trustee capacity, in Marlene Mitchell's second suit attempting to challenge the judicial foreclosure sale of her residence. Because her second suit is barred by res judicata, we affirm.

**Background**

Mitchell's home was sold in September 2016 pursuant to a judicial foreclosure order. *See Mitchell v. Wilmington Sav. Funds Soc., FSB*, No. 02-18-00089-CV, 2019 WL 150262, at *1 (Tex. App.—Fort Worth Jan. 10, 2019, no pet.) (mem. op.). After the buyer filed a forcible detainer suit, Mitchell filed two bankruptcy petitions in federal court. *Id.* After dismissal of the first bankruptcy petition, Mitchell filed an adversary proceeding in the second bankruptcy against Wilmington in its trustee capacities, bringing claims for wrongful foreclosure, for injunctive relief, and to quiet title. A little over a week later, Mitchell filed this suit in the 17th District Court, bringing claims to quiet title, for relief from wrongful foreclosure, and for injunctive relief.

On June 13, 2017, Mitchell filed a Joint Stipulation of Dismissal With Prejudice of the adversary proceeding in the bankruptcy court. In that filing, Mitchell agreed that she "no longer wishe[d] to pursue the claims she . . . asserted in [the] adversary proceeding," and, in agreement with Wilmington, she sought dismissal of "all of her claims in [the] adversary proceeding" with prejudice. This effected a dismissal of the

proceeding with prejudice. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii); Fed. R. Bankr. P. 7041; *McVay v. Perez (In re Perez)*, 411 B.R. 386, 397 (Bankr. D. Colo. 2009).

In February 2018, the county court at law rendered a judgment of possession for Wilmington in the forcible detainer case; Mitchell appealed that judgment, which this court affirmed and which is now final. *See Mitchell*, 2019 WL 150262, at \*4. Meanwhile, Wilmington filed a traditional and no-evidence motion for summary judgment in the 17th District Court case, arguing in part that res judicata applied to bar Mitchell's claims against it because they had already been resolved in the bankruptcy adversary proceeding. The trial court granted Wilmington's traditional motion and rendered a final, take-nothing judgment on all of Mitchell's claims.

## Standard of Review

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all elements of that defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this,

the defendant must present summary-judgment evidence that conclusively establishes each element of the affirmative defense as a matter of law. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

## Mitchell's Claims Barred by Res Judicata

In her first issue, Mitchell claims the trial court erred by granting summary judgment for Wilmington, claiming in part that the trial court refused to hear critical evidence[1] and that res judicata does not apply.[2] The trial court did not specify in its order whether it granted summary judgment on traditional or no-evidence grounds. Because our review of the traditional grounds makes a review of Mitchell's second issue regarding evidentiary exclusion unnecessary, we consider the propriety of granting the traditional motion first. *See Reynolds v. Murphy*, 188 S.W.3d 252, 258 (Tex. App.—Fort Worth 2006, pet. denied) (op. on reh'g).

Res judicata bars litigation of a second suit when (1) a court of competent jurisdiction has rendered a prior final judgment on the merits, (2) the prior suit involved the same parties or those in privity with them, and (3) the second suit's claims are the same as those raised in the prior suit or the claims in the second suit could have been raised in the first suit. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644,

---

[1]The majority of her argument relates to the no-evidence motion, but she also argues that summary judgment was improper on res judicata grounds.

[2]Arguably, Mitchell failed to adequately brief her res judicata complaint for failure to cite authority. *See* Tex. R. App. P. 38.1(i). We nevertheless address the argument because Mitchell clearly raises it as a ground for reversal. *See Perry v. Cohen*, 272 S.W.3d 585, 587–88 (Tex. 2008).

652 (Tex. 1996); *New Talk, Inc. v. Sw. Bell Tel. Co.*, 520 S.W.3d 637, 645 (Tex. App.—Fort Worth 2017, no pet.). Mitchell does not dispute that the parties in the adversary proceeding were the same, but she does contend that the bankruptcy court did not adjudicate the complaints she raised in the 17th District Court.

We must look to federal law to determine whether the disposition of Mitchell's claims in the second bankruptcy proceeding bars this state-court suit. *See San Antonio ISD v. McKinney*, 936 S.W.2d 279, 281 (Tex. 1996); *Hill v. Fed. Nat'l Mortg. Ass'n*, No. 14-15-00388-CV, 2016 WL 1660392, at *2 (Tex. App.—Houston [14th Dist.] Apr. 26, 2016, no pet.) (mem. op.); *see also, e.g., Aerojet-Gen. Corp. v. Askew*, 511 F.2d 710, 715 (5th Cir. 1975) (explaining reasons for applying federal res judicata law when federal judgment was rendered first); *cf. Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937–38 (5th Cir. 2000) (holding that when two cases are pending, first-rendered judgment is entitled to preclusive effect even if suit in which second judgment was rendered was filed first). Under federal law, a dismissal or nonsuit with prejudice is "tantamount to a judgment on the merits" for res judicata purposes because it "works a permanent, inalterable change in the parties' legal relationship to the defendant's benefit: the defendant can never again be sued by the plaintiff or its privies for claims arising out of the same subject matter." *Epps v. Fowler*, 351 S.W.3d 862, 868–69 (Tex. 2011) (citing *Dean v. Riser*, 240 F.3d 505, 509 (5th Cir. 2001)); *see, e.g., Matter of W. Tex. Mktg. Corp.*, 12 F.3d 497, 501 (5th Cir. 1994) (noting that parties' filing of stipulations of dismissal in bankruptcy proceeding barred relitigation of any of the issues raised in the

5

dismissed proceeding); *Matlock Realty Enter., Inc. v. Crown Fin., LLC*, No. 02-15-00189-CV, 2016 WL 438381, at *4 (Tex. App.—Fort Worth Feb. 4, 2016, no pet.) (mem. op.) (noting that it is well settled in the Fifth Circuit that a dismissal with prejudice, including in a bankruptcy proceeding, is a final judgment on the merits for res judicata purposes).

Mitchell contends that the bankruptcy court never adjudicated her 17th District Court claim that Wilmington lacked standing to file the 2016 judicial foreclosure suit. But she raised those complaints in the adversary proceeding, seeking to have the foreclosure sale declared void because "neither the original mortgagee, subsequent holders of the note or Deed of Trust, their trustees or any successor trustees held a beneficial interest under the deed of trust." And even if her 17th District Court title and wrongful foreclosure complaints based on a lack of standing are not identical to the standing complaints she raised in the adversary proceeding,[3] they are similar enough that she could have raised them in the adversary proceeding; Mitchell's goal in both the adversary proceeding and this suit was the same: to have the 2016 judicial foreclosure order and sale declared void. *See Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004) (explaining that Fifth Circuit has adopted transactional test for determining whether claims are the same for res judicata

---

[3]In a first amended petition in the 17th District Court, Mitchell more expressly argued that in the 2016 foreclosure suit, Wilmington failed to provide sufficient evidence of all of the transfers by which it had obtained its interest in the debt; thus, it had failed to show standing.

purposes, under which the critical question is whether the claims arise from the same nucleus of operative facts).

Finally, the bankruptcy court had jurisdiction to adjudicate Mitchell's adversary proceeding claims. *See* 11 U.S.C.A. § 541, 28 U.S.C.A. §§ 157(b)(1), (2)(E), 1334; *Matlock v. Lomas Mortg. U.S.A., Inc. (In re Matlock)*, 154 B.R. 721, 721–22 (Bankr. E.D. Ark. 1993); *cf. Ger. Am. Capital Corp. v. Oxley Dev. Co. (In re Oxley Dev. Co.)*, 493 B.R. 275, 283–84, 286–87 (Bankr. N.D. Ga. 2013) (holding that creditor's suit to quiet title and declare foreclosure valid was a core proceeding over which bankruptcy court had jurisdiction even if bankruptcy court would have to refer to state law to determine at least part of claim).

Accordingly, we hold (1) that Wilmington conclusively proved that the dismissal of Mitchell's bankruptcy adversary proceeding with prejudice was a final judgment adjudicating Mitchell's claims in this suit for res judicata purposes and, therefore, (2) that the 17th District Court did not err by granting Wilmington's traditional summary judgment. We overrule Mitchell's first issue. Because her second issue challenges the trial court's decision to exclude her evidence that is unrelated to Wilmington's affirmative defense—and thus could not raise a fact issue defeating Wilmington's proof—we need not address the issue. *See* Tex. R. App. P. 47.1.

7

## Conclusion

Having overruled Mitchell's dispositive issue, we affirm the trial court's judgment. We also deny any pending motions in this court.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: May 2, 2019