R. B. S. FOSTER v. STEPHEN H. MARTIN.

A motion to set aside a judgment by default and permit the defendant to file his answer, is in the nature of a motion for a new trial, and to entitle a party to have such motion sustained, as a matter of legal right, he must bring his application substantially within the rules governing the granting of new trials.

A motion to set aside a judgment by default must be filed within two days after the rendition of the judgment, or a sufficient excuse must be shown for the delay.

A motion to set aside a judgment by default must state a sufficient excuse for the failure to file an answer at the proper time, and must state facts which show that the defendant has a meritorious defence; it is not sufficient to state that the defendant has a good legal defence; the facts must be stated.

That the failure of defendant to file an answer was caused by the inadvertence of

Foster v. Martin.

counsel employed by him, is not sufficient to set aside a judgment by default, to let in the defence of the statute of limitations, without any circumstances to render such defence equitable and just in the particular case. But see what is said about the motion not being filed within the time prescribed.

Error from Washington. Tried below before the Hon. R. E. B. Baylor.

Suit commenced August 11th, 1856, by the defendant in error, against the plaintiff in error, on two promissory notes, one for $10 and the other for $142 37½, due in 1840, with an allegation " that said notes not having been paid, the said Foster, in consideration of the same, did, within the four years next preceding the institution of this suit, acknowledge the justice of said debt in writing, over his own signature, whereby he became liable to pay the same with the interest thereon accruing," &c. Citation served Sept. 5th ; judgment by default Oct. 10th, which was the 5th day of the Term ; Oct. 13th, motion by defendant to set aside the judgment ; motion overruled. There was a statement of facts, from which it appeared that the motion was decided upon the following affidavits :—

On this 14th day of October, 1856, personally appeared before me, W. F. Jarrell, Clerk of the District Court of Washington county, R. B. S. Foster, who on oath declares, that some weeks before the sitting of this Term of the Court, he employed W. P. Rogers, an Attorney of the Court, as counsel to appear and defend a certain suit then pending in the District Court of Washington county, wherein S. F. Martin was plaintiff, and R. B. S. Foster, defendant, and informed him of his defence. He further says, that to this action he has a good and legal defence, and does verily believe, that upon a fair trial of said cause the plaintiff could not recover a judgment against him. He further says that the note upon which said suit is founded is an old and stale demand, contracted about sixteen years ago in the State of Georgia, and has never been renewed by affiant in writing or otherwise ; that after employing the said attorney, he gave no further attention to the case, until he learned that judgment by default had been rendered against him, which he now prays may be set aside, and he be permitted to file his defence. (Subscribed and sworn, &c.)

On this 14th day of October, 1856, personally appeared before me W. P. Rogers, and says that he was employed some time before the commencement of this Term of the Court by R. B. S.

Foster, to defend a suit wherein S. H. Martin was plaintiff, and the said Foster defendant, and informed of his defence, which affiant verily believes to be good and sufficient in law; that on Thursday night of the first week of this Court, affiant obtained the papers in the cause, with a number of others, for the purpose and with the intention of filing an answer, but declares that through inadvertence he neglected to file an answer, because of which a judgment by default was rendered against defendant. Affiant further says, that after he returned the papers, he gave no further attention to the case, and that he failed to file the answer by inadvertence, supposing that he had filed pleas in all of his cases, that he had intended to plead in. (Subscribed, and received by agreement of plaintiff, without being sworn.)

*Rogers*, for plaintiff in error. The Court erred in overruling defendant's motion to set aside the judgment by default. The motion was sustained by an affidavit of merits, and a sufficient excuse for not pleading in time was also shown.

"A judgment by default will be set aside upon motion and affidavit of merits." (Miller v. Alexander, Coxe, R. 400.)

"A judgment by default will be set aside on motion and affidavits of merits, and payment of costs, even though no excuse be offered for not pleading in time." (Fore v. Folsom, 4 How. Miss. R. 282; 2 Id. 736; 6 Johns. 131.)

In the case in 4th Howard, 282, the defence disclosed by the affidavit of merits was that the note sued on was given for a gambling debt, and no sufficient excuse was given for not pleading in time.

*Sayles*, also for plaintiff in error.

*Bassett & Bassett*, for defendant in error. I. The motion was not filed in time. The statute is imperative (Hart. Dig. Art. 766,) that "all motions for new trials, in arrest of judgment, and to set aside a judgment, shall be made within two days after the rendition," &c. No excuse or cause is stated for not filing the motion within the time prescribed. (McKean v. Ziller, 9 Tex. R. 59; Chandler v. Barker, 7 La. R. 202.)

II. The neglect of an attorney to appear for his client, and to file proper pleadings, affords no ground for a new trial. (Barrow v. Jones, 1 J. J. Marsh. 470; Patterson v. Mathews, 3 Bibb, 80; Legrand v. Baker, 6 Mon. 235; Guilt v. Crowley, 8 Bing.

Foster v. Martin.

144; Field v. Matson, 8 Miss. 686; Wright v. Thomas, 6 Tex. 420; 2 Eq. U. S. Dig. p. 126, 127, 128, 129; Benson v. Mathews, 4 La. R. 226, last ed.)

III. The affidavits themselves were not sufficient under any circumstances. They state a conclusion of law, that defendant had "a good, legal defence," but do not state in what such defence consists. (Burnley v. Cook, 13 Tex. R. 586; 3 Graham on New Trials, 884; Blake v. Howe, 1 Aik. R. 306.) The affidavits carefully avoid stating that the defence is other than a strictly legal one, as distinguished from a defence that is good in equity and justice, and such as in good conscience he ought to urge. (Cochrane v. Middleton, 13 Tex. R. 277; 2 Eq. U. S. Dig. 145.)

IV. It is useless for the defendant to attempt to disguise the fact that the "legal defence" upon which he claimed a new trial in the Court below was the statute of limitations. He does not so state in his affidavit; but evidently, should he succeed in getting a new trial, that would be the defence relied on. Is the statute of limitations, then, an equitable defence? We admit that in many cases it is so. Not so, however, where a party has executed his note for a valuable consideration, and makes no pretence of ever having paid or discharged it. Even here it is true that the statute, if relied on, will raise a presumption of payment, (a presumption of law not always justified by the fact.) But where, as in this instance, the defendant himself is permitted to have a swear at it, it does seem that he ought to be required to make oath that he has some good, equitable defence, which accident, or the lapse of time, has deprived him of the evidence necessary to establish.

The Legislature has shown an evident disposition to make the plea of limitation an odious one, by requiring the party in every instance to set it up as a defence in his answer. (Act of Feb. 16, 1852; Laws of 4th Leg. 128.) They have, in effect, declared that a party desiring to take advantage of this harsh and strict rule shall not escape the odium which justly attaches to him who pleads it. He cannot even skulk behind a demurrer; (Emmons v. Oldham, 12 Tex. R. 18; Leavitt v. Gooch, 12 Id. 95;) but must brave the ignominy of the plea, by setting it up in his answer. To denominate it any other than an inequitable defence would be to disregard the plain inference to be drawn from the legislative enactment and the checks and limitations they have thrown around it.

WHEELER, J.   The motion to set aside the judgment was in the nature of a motion for a new trial.   To entitle the defendant to have the judgment set aside, as a matter of legal right, he should have brought his application substantially within the rules governing the granting of new trials.   He should have made his application within the time prescribed, or shown some sufficient excuse for his neglect.   His application should have shown a sufficient excuse for his failure to appear and make his defence to the action within the time allowed for pleading, and also that he had a meritorious defence.   The application is deficient in all these particulars.   It was not filed in time; (Hart. Dig. Art. 766;) it states no sufficient excuse for his failure to make his defence; (Wright v. Thomas, 6 Tex. R. 420;) nor does it disclose merits. It is not enough to say that the defendant has a good legal defence.   That is a matter to be judged of by the Court; and it should appear in what the defence consists, in order that the Court may judge of its sufficiency.   The application is to be determined upon equitable principles, and the Court may well refuse it when asked to let in a mere legal defence, not founded in equity and justice.   (13 Tex. R. 275.)   There is no error in the judgment, and it is affirmed.

Judgment affirmed.