CITY OF FORT WORTH ET AL. V. GEORGE L. GAUSE.

No. 6748.  Decided February 3, 1937.
Rehearing overruled February 24, 1937.
(101 S. W., 2d Series, 221.)

*R. E. Rouer, J. M. Floyd, R. B. Young, Jr.,* for the City of Fort Worth, *Phillips, Trammell, Chizum, Estes & Edwards,* for the Cities Service Oil Co., plaintiffs in error.

It was error for the Court of Civil Appeals to hold that since the defendant Gause had deposited an answer to the plaintiff's petition with the clerk of the court he was not in default and that the trial court did not have power to enter a default judgment, and when this fact was called to the trial court's attention he should have been granted a new trial. Bartlett v. S. M. Jones Co., 103 S. W. 705; Counts v. Southwestern Land Co., 206 S. W. 207; Trigg v. Gray, 288 S. W. 1098.

*Chas. T. Rowland,* of Fort Worth, for defendant in error.

It was not error for the Court of Civil Appeals to reverse and remand a cause in which the trial court had rendered a "default judgment" against a defendant, when same was entered on appearance day of the court and the defendant had no notice of the answer and cross action of his codefendant. Having properly answered the original petition, seeking affirmative relief against the original plaintiff, and same being a contested case, defendant was denied his legal right of a setting, notice and trial in accordance with the statute. R. S. Arts. 2092, subsection 18, 2006, 2093; Beal v. Alexander, 6 Texas 540; Snider v. Methvin, 60 Texas 494; Lessing v. Gilbert, 27 S. W. 751.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Plaintiff in error, Cities Service Oil Company, leased from defendant in error George L. Gause the east half of Lots 9 and 10 in Block 36 in the City of Fort Worth for a term of ten years beginning December 15, 1929, agreeing to pay as rental $175.00 a month. In July, 1932, plaintiff in error, City of Fort Worth, notified the oil company that it had become the owner of the property and that future rentals should be paid to it. Gause insisted upon his ownership of the property and right to the rentals; and the oil company filed its petition in the nature of a bill of interpleader in a district court of Tarrant County, making the two claimants defendants, tendering into court rentals due to the amount of $875.00, and praying that the court determine the ownership of the rentals tendered and make proper order directing to whom future payments should be made. Gause was duly cited to appear and answer on January 16, 1933. He filed an answer on January 12, 1933, containing a number of exceptions, a general denial and a cross action against the plaintiff, Cities Service Oil Company, alleging the terms of the lease, the failure of the oil company to pay rentals aggregating $2950.00 and praying for judgment for such past due rentals, for cancellation of the lease and for foreclosure of a lien upon certain improvements and equipment. The clerk filed the answer but failed to make on the file docket an entry of its filing.

On January 16, 1933, the City of Fort Worth filed its answer, alleging that it had acquired title to Lots 9 and 10, Block 36, City Addition to the City of Fort Worth, at sheriff's sale following a foreclosure suit for delinquent taxes, that the period for redemption had expired and that it was entitled to the rentals paid into the registry of the court and to all rentals to accrue under the lease, and praying that its right and title to said propery be quieted and confirmed and the claims of Gause held for naught and that it have judgment for the rentals deposited in the registry of the court and for all rentals to accrue under the lease. On the day that the answer of the city was filed, which was appearance day, the court, unaware that answer had been filed by Gause, called and tried the case in his absence and rendered judgment in favor of the city. The judgment recites that Gause, though duly cited, made default, and adjudges and decrees that the right and title to Lots 9 and 10 in Block 36, City Addition to the City of Fort Worth, in fee simple is vested in the City of Fort Worth, and that the claims of Gause in and to said property are extinguished and held for naught, directs the clerk to pay to the City of Fort Worth the money deposited in the registry of the court, except $100.00

thereof awarded to the attorneys for Cities Service Oil Company, and provides that future rentals under the lease shall be paid to the city.

Motion for new trial filed by Gause within the time prescribed by the Practice Act (subdivision 29 of Article 2092, R. S. 1925) was overruled, apparently because Gause neither alleged in the motion nor undertook to prove that he had a meritorious defense. The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause. 70 S. W. (2d) 224.

1 Writ of error was granted "on the conflicts alleged." The decision of the Court of Civil Appeals apparently is in conflict with the several decisions cited in the application for writ of error, and with many others, which announce the well settled rule that one who files a motion for new trial, after the rendition of a default judgment against him (either upon his failure to answer or in his absence after having answered), must, in addition to excusing his absence or failure to answer, allege in his motion facts constituting a meritorious defense and also support the motion by affidavits or other evidence proving prima facie that he has such meritorious defense. See: Foster v. Martin, 20 Texas 118; Dowell v. Winters, 20 Texas 793; Holliday v. Holliday, 72 Texas 581, 10 S. W. 690; El Paso & S. W. Ry. Co. v. Kelley, 99 Texas 87, 87 S. W. 660; Lawther Grain Co. v. Winniford, (Com. App.) 249 S. W. 195; Cragin v. Henderson County Oil Development Co., (Com. App.) 280 S. W. 554; Bartlett v. S. M. Jones Co., 103 S. W. 705; Western Lumber Co. v. Chicago, R. I. & G. Ry. Co., 180 S. W. 644; Counts v. Southwestern Land Co., 206 S. W. 207; Trigg v. Gray, 288 S. W. 1098; University Development Co. v. Wolf, 93 S. W. (2d) 1187; Ferguson v. Chapman, 94 S. W. (2d) 593; 25 Tex. Jur., Sec. 173, pp. 569-572; 31 Tex. Jur., Sec. 128, p. 140.

2 It is our opinion, however, that the action of the Court of Civil Appeals in reversing the trial court's judgment and remanding the cause may be affirmed upon another ground. The judgment of the district court is erroneous on the face of the record in adjudging and decreeing that the fee simple title to Lots 9 and 10 is vested in the City of Fort Worth and that the claims of Gause to said property are extinguished and held for naught. Such judgment is without pleadings to support it. This error was assigned by Gause in the Court of Civil Appeals.

The subject matter of the suit as made by the pleadings is the right to the rentals for the use of the east half of Lots 9 and 10. The oil company, plaintiff in the trial court, alleged

that it had rented the east half of said lots, tendered into court rentals due, and prayed that the two defendants be required to set up their respective rights and claims and that the court determine to whom the tendered rentals and future rentals should be paid. Gause, in his answer and cross action against the oil company, asserted his ownership of the east one-half of Lots 9 and 10, alleged that he leased said property to the oil company, and prayed for judgment for the rentals. The city's answer did not contain a cross action against Gause to try the title to the lots, and the city's brief filed in the Court of Civil Appeals states that its answer is not a cross action and that the allegations in the answer as to the ownership of the whole of Lots 9 and 10 are merely recitations to make clear the manner of the acquisition of the title to the east half of the lots, the ownership of which was necessarily determined in deciding the ultimate issue in the case, the ownership of the funds. The case made by the pleadings is not a suit for the trial and adjudication of the title to the lots. Certainly it is not a suit to try the title to the west half of the lots. However, the second paragraph of the judgment rendered contains the finding that the City of Fort Worth is the owner in fee simple of Lots 9 and 10, and in the next paragraph the judgment proceeds to order, adjudge and decree "that the right and title to the above described property in fee simple is vested in the defendant, City of Fort Worth, and that the claims of George L. Gause in and to said property should be and are hereby extinguished and held for naught." Clearly the property here referred to is the whole of Lots 9 and 10 described in the preceding paragraph. This deliberate and formal adjudication of the title to the lots can not be disregarded as mere surplusage.

A judgment must be supported by the pleadings and, if not so supported, it is fundamentally erroneous. Howe v. Keystone Pipe & Supply Co., 115 Texas 158, 274 S. W. 563, 278 S. W. 177; Queen Insurance Co. v. Galveston, H. & S. A. Ry. Co., (Com. App.) 296 S. W. 484; Hart v. Hunter, 52 Texas Civ. App. 75, 114 S. W. 882 (application for writ of error refused); Bray v. Bray, 1 S. W. (2d) 525; Reynolds v. Stockton, 140 U. S. 254, 11 Sup. Ct. 773, 35 L. Ed. 464; 25 Tex. Jur., Sec. 98, pp. 474-475; 3 Tex. Jur., Sec. 584, pp. 827-828; 15 R. C. L., Secs. 43-44, pp. 604-605.

The general rule first stated herein, requiring one moving for a new trial after default judgment to allege and prove that he has a meritorious defense, applies to cases in which the judgment rendered is valid on the face of the record and has and should have no application when the judgment is on the

face of the record void or fundamentally erroneous. Carson v. Taylor, 261 S. W. 824; 25 Tex. Jur., Sec. 174, p. 572. It has often been held that a default judgment rendered after service of a defective citation may be set aside on motion for new trial without showing a meritorious defense. McCaulley v. Western National Bank, 173 S. W. 1000; Miller v. First State Bank & Trust Co., 184 S. W. 614; Atkinson v. Leonard, 287 S. W. 525; City of Corpus Christi v. Scruggs, 89 S. W. (2d) 458. It should not be necessary to show the existence of a meritorious defense in order to obtain relief from a default judgment not supported by the pleadings.

The judgment of the Court of Civil Appeals, reversing the judgment of the district court and remanding the cause, is affirmed.

Opinion adopted by the Supreme Court February 3, 1937.

Rehearing overruled February 24, 1937.