JAMES W. MAYBERRY ET AL V. STATE.

No. 31,198. December 16, 1959.

*P. P. Ballowe,* Dallas, for appellants.

*Henry Wade,* Criminal District Attorney, *John J. Fagan, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

This is a bond forfeiture case. It originated in the County Criminal Court No. 2 of Dallas County by the filing on March 5, 1959, of a complaint charging the defendant with driving while his license was suspended. An information was filed on

the same date. The defendant, as principal, and the appellants, as sureties, on March 5, executed an instanter appearance bond in the sum of $350.

Following defendant's conviction on March 23, he immediately filed a motion for a new trial, but he failed to appear at the hearing on the motion April 13 when it was overruled. Whereupon the court ordered the forfeiture of defendant's appearance bond and judgment nisi was duly entered. Art. 582, C.C.P.

The final judgment was rendered and entered. To such action of the court, appellants in open court timely and duly excepted and gave notice of appeal.

It is contended that the information upon which the defendant was convicted is void; and therefore the appellants as sureties on the appearance bond are exonerated from liability upon the forfeiture taken on said bond.

The information charges in part that the defendant: "* * * on or about the 3rd day of March A.D. 1959 in the County of Dallas and State of Texas, did unlawfully drive and operate a motor vehicle in and upon a public street and road in Dallas County, Texas, after the operator's license of the said James W. Mayberry had heretofore, on the 28th day of May A.D. 1959 been suspended by order of the Department of Public Safety of the State of Texas. * * *."

The information shows on its face that it was impossible for the defendant to have committed the offense of driving while his license was suspended on *March 3, 1959,* due to an order suspending his operator's license on *May 28, 1959.*

A valid information is a prerequisite to a prosecution originating in the county court.

In the instant case, it affirmatively appears from the information that the alleged date of the suspension of the defendant's operator's license did not occur before March 3, 1959. Hence, the information did not charge an offense and is void.

Do the appellants, as sureties, on the appearance bond have the right to challenge the validity of the information?

In Dunn v. State, 121 Texas Cr. Rep. 30, 53 S.W. 2d 307, 309, we said:

"* * * While it is true that the Legislature, in article 436 C.C.P., lays down four causes which will exonerate the accused and his sureties from liability upon a forfeited bond, and said article states that these causes, 'And no other,' will so release them, still this court has in so many cases held that when the so-called indictment was not such in law because of some fundamental failure, from which there flowed as a necessary sequence lack of authority to require any bond at all, that in such cases and upon proper showing of such facts, this court would hold that the parties on such bond, having never been lawfully bound, could not be held to pay same, and we find ourselves constrained to adhere to the doctrine of these cases. * * * ." See also authorities there cited.

The Dunn case is here applicable and controlling.

Where a complaint is filed in the county court, a bail bond taken before the information is filed, will not support a forfeiture. Leal v. State, 51 Texas Cr. Rep. 425, 102 S.W. 414; Baker v. State, 54 Texas Cr. Rep. 52, 111 S.W. 735; Cooper v. State, 91 Texas Cr. Rep. 289, 238 S.W. 658, 20 A.L.R. 410; 5A Texas Digest, Bail, Key No. 56.

The information being a nullity the forfeiture of the appearance bond cannot be affirmed under the holdings of the above cases.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.