**Marcos V. AGUIRRE et al., Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40275.**

Court of Criminal Appeals of Texas.

June 21, 1967.

Tinsman & Cunningham, by Michael B. Hunter, San Antonio, for appellants.

James E. Barlow, Dist. Atty., William W. Morris, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

This is an appeal by Ralph Napier, surety on a bail bond, from a judgment making final a judgment nisi forfeiting such bond.

The bond in the sum of $200 was conditioned that Marcos V. Aguirre appear in County Court at Law No. One of Bexar County to answer a complaint and information charging him with a misdemeanor.

The principal Aguirre having failed to appear, judgment nisi was entered November 2, 1966, and citation issued.

Service was had on appellant on November 7, 1966, and he having failed to appear on November 28, 1966, judgment was entered against appellant and the principal, in favor of the state, jointly and severally for the sum of $200 and costs of suit.

Appellant filed motion for new trial on December 12, 1966, and hearing was set for December 21, 1966.

On December 22, 1966, at the conclusion of the hearing, the trial court overruled appellant's motion for new trial and he gave notice of appeal.

On January 16, 1967, the bond approved by the clerk of the trial court was filed.

The state moves to dismiss the appeal for want of jurisdiction on the ground that the appeal bond was not filed within 30 days after the date of the rendition of the judgment or order overruling the motion for new trial as required by Art. 356 Texas Rules of Civil Procedure.

■ The rule appears to be that the filing of a tardy motion for new trial cannot operate to extend the time for filing an appeal bond under Rule 356 even though the late motion be considered and overruled by the trial judge. Dillard et ux. v. McClain, 324 S.W.2d 163.

Appellant relies upon the rule that a default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before the judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident, provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126.

■ Applying the rule relied upon by appellant, we affirm the action of the trial court in overruling appellant's motion for new trial upon our finding that such motion did not set up a meritorious defense to the judgment forfeiting the bail bond.

The defense set up in the motion for new trial was that appellant's counsel, Mr. Tinsman, "tells me that the affidavits upon which the informations were filed are defective under Barnes v. State, [Tex.Civ. App.,] 390 S.W.2d 266, [rev.] 380 U.S. 253, 85 S.Ct. 942, [13 L.Ed.2d 818] and Mayberry v. State, [168 Tex.Cr.R. 537] 330 S.W.2d 203, and that similar motions to this effect have been granted in the District Courts of Bexar County."

Cisco v. State, Tex.Cr.App., 411 S.W.2d 547, and Vallejo v. State, Tex.Cr.App., 408 S.W.2d 113, are controlling. There we said that Barnes v. State, relied on by appellant, related to the necessity of stating facts constituting probable cause in a complaint or affidavit for the issuance of a warrant of arrest used as a basis for a search and had no application to a complaint made as a basis for a criminal prosecution.

The judgment is affirmed.

### CONCURRING OPINION

ONION, Judge.

I concur in the results reached by the majority, but not on the basis of Vallejo v. State, Tex.Cr.App., 408 S.W.2d 113, which was followed in Cisco v. State, Tex. Cr.App., 411 S.W.2d 547. I strongly feel that serious reconsideration of these holdings should be undertaken before they are held applicable to bond forfeiture cases, particularly where there exists another ground on which this appeal might properly be disposed of.

In Ivy v. Carrell, 407 S.W.2d 212, the Texas Supreme Court, speaking through Chief Justice Calvert, said:

"We note again the specific language of Craddock that a new trial should be granted to a defaulting defendant if his motion "sets up a meritorious defense." This does not mean that the motion should be granted if it merely alleges that the defendant "has a meritorious defense." The motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense. City of Fort Worth v. Gause, 129 Tex. 25, 28, 101 S.W.2d 221, 222 (1937); Holliday v. Holliday, 72 Tex. 581, 10 S.W. 690 (1889); Dowell v. Winters, 20 Tex. 793, 794 (1858); Foster

v. Martin, 20 Tex. 118, 119 (1857). This much is necessary to prevent the reopening of cases to try out fictitious or unmeritorious defenses. But once these requirements are met, it is improper to try the defensive issues made by the motion or the pleadings. In Cragin v. Henderson County Oil Dev. Co., 280 S.W. 554, 555 (Tex.Com.App.1926, holding approved), the court, after stating the requirements of a motion for a new trial in default judgment cases, said:

'But when he (the applicant) has thus set forth such meritorious defense, supported by such affidavits or other evidence as prima facie to entitle him to a new trial, such new trial should not be denied upon any consideration of counter affidavits or contradictory testimony offered in resistance to such motion.'

See also Maeding v. Maeding, 155 S.W.2d 991, 993 (Tex.Civ.App.—Galveston 1941, no writ)."

Testing the case at bar by the foregoing rules, we observed that appellant did not introduce or bring forward in the record the affidavits upon which the informations were based which appellants claim are defective under Barnes v. State, Tex.Civ. App., 390 S.W.2d 266, 855 S.Ct. 942 and Mayberry v. State, 168 Tex.Cr.R. 537, 330 S.W.2d 203. As far as the record before this Court is concerned, the affidavits in question may very well comply with Barnes and Mayberry.

Even if we assume the motion for a new trial alleges facts which in law would constitute a defense to a cause of action asserted by the appellee, it is not supported by affidavits or other evidence proving prima facie that the appellants have such meritorious defense.

The trial court did not err in overruling the motion.