United States Court of Appeals,

Fifth Circuit.

No. 96-10063.

In the Matter of Terry M. GOBER, Debtor.

Terry M. GOBER, Appellant,

v.

TERRA + CORPORATION, doing business as LSMG, doing business as SMG Architect-Planners, Appellee.

Dec. 10, 1996.

Appeal from the United States District Court for the Northern District of Texas.

Before POLITZ, Chief Judge, and EMILIO M. GARZA and STEWART, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

This case presents the question of whether a state court default judgment entered as a sanction for discovery abuse is entitled to issue preclusive effect in a subsequent bankruptcy proceeding to determine the dischargeability of the judgment debt. In 1992, Appellee Terra + Corporation ("Terra") filed a complaint in bankruptcy court against Debtor-Appellant, Terry M. Gober, objecting to discharge of a judgment it had obtained against Gober in Texas state court in 1983. The bankruptcy court collaterally estopped Gober from relitigating issues determined in the state court judgment and granted summary judgment in favor of Terra. The district court affirmed on appeal. Gober now appeals to this court, arguing, *inter alia,* that the state court judgment should not have preclusive effect on the dischargeability of the judgment debt. We disagree and affirm the decision of the district court.

I

Gober was a director, officer, and shareholder of Terra, an architectural firm, from the time of its incorporation until his termination in 1981. At that time, Gober was indicted by a Texas grand jury for misappropriation of client funds and loan proceeds that he received on behalf and for the benefit of Terra. He eventually entered a plea of *nolo contendre* and paid restitution of $75,000, consisting of $25,000 in cash and $50,000 in debt cancellation.

Terra filed a civil suit in Texas state court based on the same set of transactions in the indictment. In its complaint, Terra alleged that Gober negotiated unauthorized loans and deposited loan proceeds and client funds into an unauthorized account for his own use. Gober filed a general denial to Terra's complaint and filed counterclaims against Terra seeking offsets and credits for salary, business expenses, and his ownership interest in Terra.

The parties actively litigated the action for two years. In October 1983, the state court imposed a $1,000 sanction on Gober for discovery abuses and ordered Gober to deposit $1,500 as security for costs for his counterclaims pursuant to Rule 143 of the Texas Rules of Civil Procedure. The court further ordered Gober to respond to Terra's discovery requests. When Gober failed to post security for costs or to respond to discovery, Terra filed motions to dismiss Gober's counterclaims and to strike his answer. The court set a hearing on the motions for December 30, 1983. Gober did not attend the hearing and specifically directed his attorney not to appear on his behalf.

In his absence, the state court struck Gober's answer, entered a default judgment against him, and dismissed his counterclaims for failure to pay security for costs. The court, "after hearing the evidence and arguments of counsel," found that Gober "embezzled, converted, appropriated and ... stole[ ] ... $307,284.96" from Terra and that he "acted with fraudulent intent" and "acted maliciously and willfully." The court thereafter entered judgment in Terra's favor and awarded $307,284.96 in actual damages, $250,000 in exemplary damages, $75,000 in attorney's fees, and post-judgment interest. Gober did not appeal the judgment.

In 1992, Gober filed a voluntary petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code. Terra then filed a complaint with the bankruptcy court objecting to discharge of the judgment debt under 11 U.S.C. § 523(a)(2), (4), and (6).[1] In his answer, Gober denied the

---

[1]Section 523(a) of the Bankruptcy Code excludes certain debts from discharge in bankruptcy. The relevant portions of the section provide that

> (a) discharge [under this title] does not discharge an individual debtor from any debt—

> (2) for money ... to the extent obtained by ... actual fraud ...;

> (4) for fraud or defalcation while acting in a fiduciary capacity,

essential allegations of Terra's complaint and reasserted his right to credits and offsets in determining the amount of any debt owed. Terra filed a motion for summary judgment, asserting that issue preclusion[2] barred Gober from relitigating the factual and legal issues necessary for holding the judgment debt nondischargeable. In response; Gober filed a cross-motion for summary judgment asserting that collateral estoppel does not apply to the state judgment and that Terra could not otherwise prove the elements necessary for a finding of nondischargeability of the debt.

The bankruptcy court denied Gober's motion for summary judgment and granted judgment in favor of Terra, holding that the state court's findings satisfy the elements of § 523(a)(4) and (6) and that issue preclusion barred relitigation of those issues. The court explicitly abstained from considering Gober's state law claims for offsets and credits. Gober appealed the judgment to the district court, which affirmed the bankruptcy court's judgment.

On appeal to this court, Gober argues that the district court erred in affirming the bankruptcy court's determination because (1) the state court's findings should not have been given issue preclusive effect under Texas collateral estoppel rules; (2) the bankruptcy and district courts should not have abstained from deciding Gober's state law counterclaims; and (3) the courts erred in declaring the entire amount of the state court judgment nondischargeable. We reject all of Gober's contentions.

## II

Parties may invoke collateral estoppel in certain circumstances to bar relitigation of issues

embezzlement, or larceny;

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity....

11 U.S.C. § 523(a).

[2]The doctrines of collateral estoppel and res judicata are also known as "issue preclusion" and "claim preclusion," respectively. *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984). We use the terms interchangeably in this opinion. The rule of issue preclusion, or collateral estoppel, bars relitigation of issues that were actually litigated and decided in a previous action. See Restatement (Second) of Judgments, Introductory Note to ch. 1 (1982). The terms "claim preclusion" or "res judicata," on the other hand, are generally used to describe the effect of a prior judgment on all legal theories and claims that should have been advanced in connection with a particular cause of action. Id.

relevant to dischargeability, although the bankruptcy court retains exclusive jurisdiction to ultimately determine the dischargeability of the debt. *Grogan v. Garner,* 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991); *Garner v. Lehrer (In re Garner),* 56 F.3d 677, 681 (5th Cir.1995); *Harold V. Simpson and Co. v. Shuler (In re Shuler),* 722 F.2d 1253, 1255 (5th Cir.), *cert. denied,* 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed.2d 32 (1984). In deciding the preclusive effect of a state court judgment in federal court, we are guided by the full faith and credit statute, which provides that "judicial proceedings of any court of any ... State ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. Accordingly, we must look to the state that rendered the judgment to determine whether the courts of that state would afford the judgment preclusive effect. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 1331-32, 84 L.Ed.2d 274 (1985). The judgment against Gober was rendered in Texas state court; accordingly, Texas rules of issue preclusion apply. *Id.* A bankruptcy court's decision to give preclusive effect to a state court judgment is a question of law that we review *de novo. Boyce v. Greenway (In re Greenway),* 71 F.3d 1177, 1180-81 (5th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 2499, 135 L.Ed.2d 191 (1996); *Sanders v. City of Brady (In re Brady, Texas Mun. Gas Corp.),* 936 F.2d 212, 217 (5th Cir.), *cert. denied,* 502 U.S. 1013, 112 S.Ct. 657, 116 L.Ed.2d 748 (1991).

Under Texas law, collateral estoppel "bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based upon the same cause of action." *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984). Before applying collateral estoppel, the court must determine that the facts asserted in the second proceeding were fully and fairly litigated in the first, that the facts were essential to the judgment, and that the parties were cast as adversaries in the first action. *Id.* (citing Restatement (Second) of Judgments § 27 (1982)); *In re Garner,* 56 F.3d at 679-80; *Amica Mut. Ins. Co. v. Moak,* 55 F.3d 1093, 1097 (5th Cir.1995). Gober contends that the bankruptcy and district courts erred in barring relitigation of issues relevant to dischargeability because (1) the state court judgment is not a final judgment entitled to collateral estoppel effect, (2) the judgment is void and cannot

provide the basis for a plea of estoppel, and (3) the issues relevant to dischargeability were not fully and fairly litigated in state court. We address each of these contentions in turn.

A

Gober first contends that the state judgment is not a final judgment. Application of collateral estoppel requires that there be a final judgment on the merits; interlocutory orders are not entitled to preclusive effect. *Starnes v. Holloway,* 779 S.W.2d 86, 93 (Tex.App.—Dallas 1989, writ denied); *Texas v. Wellington Resources Corp.,* 706 F.2d 533, 536-37 (5th Cir.1983). A judgment on liability entered by default after striking an answer is interlocutory, and the plaintiff must still present sufficient evidence to support unliquidated damages. *Bass v. Duffey,* 620 S.W.2d 847, 849 (Tex.App.—Houston [14th Dist.] 1981, no writ). A default judgment entered as a sanction is merely interlocutory where the defendant receives no notice of the hearing on unliquidated damages. *Pearson Corp. v. Wichita Falls Boys Club Alumni Assn.,* 633 S.W.2d 684, 687 (Tex.App.—Fort Worth 1982, no writ).

Gober contends that he received no notice of the damages hearing. Neither Terra's motion for imposition of sanctions, nor the state court's order setting the December 30, 1983 hearing, mention that the court might conduct a damages hearing on that date. Therefore, he asserts, the state default judgment as to liability was interlocutory and never became a final judgment. We disagree.

Terra's motion for sanctions expressly requested that the court strike Gober's pleadings and enter a default judgment against him; therefore, Gober was adequately apprised of the possibility of such a disposition. While a court may set a separate hearing on damages after imposition of sanctions—in which case separate notice to the defendant would be required—the court is not obligated to do so. *Lind v. Gresham,* 672 S.W.2d 20, 22 (Tex.App.—Houston [14th Dist.] 1984, no writ). The court may hear evidence on damages immediately after imposition of a default judgment on liability, in which case notice of the hearing on the motion to strike the pleadings is all that is required. *Id.*

Gober received notice of the December 30, 1983 hearing but did not personally appear and explicitly directed his attorney not to appear on his behalf. Where Gober received notice of all

hearings that were conducted but chose not to appear, he did so at his peril.[3]

B

Gober next asserts that the state judgment is void insofar as it fails to conform to the pleadings. A void judgment has no preclusive effect in a bankruptcy proceeding. *McDaniel v. Camp (In re Camp),* 59 F.3d 548, 550-51 (5th Cir.1995) (issue preclusion); *Poynor v. Bowie Ind. Sch. Dist.,* 627 S.W.2d 517, 519 (Tex.App.—Fort Worth 1982, writ dism'd) (claim preclusion). At the damages hearing, the state court heard evidence and made findings of fact that were not included among the specific factual allegations in Terra's complaint.[4] Gober relies on *City of Fort Worth v. Gause,* 129 Tex. 25, 101 S.W.2d 221 (1937), for the proposition that a default judgment based upon proof of facts outside the plaintiff's pleadings renders the judgment fundamentally erroneous and void. *Id.* 101 S.W.2d at 223; *see also* TEX.R.CIV.P. 301 ("The judgment of the court shall conform to the pleadings [and] the nature of the case proved....").

---

[3]This case is distinguishable from two cases in which Texas courts set aside default judgments for insufficient notice. In *Lorentzen v. Kliesing,* 810 S.W.2d 16 (Tex.App.—Houston [14th Dist.] 1991, no writ), the defendant filed an answer but received no notice at all of the trial. By contrast, Gober's own affidavit belies any assertion that he received no notice of the December 30 hearing. In *Masterson v. Cox,* 886 S.W.2d 436 (Tex.App.—Houston [1st Dist.] 1994, no writ), the court held that notice of a pretrial conference did not afford adequate notice that the conference would become a disposition on the merits where Texas law does not authorize such a disposition in a pretrial conference. 886 S.W.2d at 437-39. In this case, however, as explained above, the state court's decision to hear evidence on damages immediately after entry of default was proper and reasonably anticipated.

[4]Terra's amended complaint alleged two basic transactions: (1) that Gober withheld $10,000 for his own use from a $40,000 loan negotiated on Terra's behalf and (2) that Gober deposited $706,818.86 in client payments into an unauthorized account, only $400,004.33 of which Gober eventually repaid. The complaint alleged a total amount embezzled, including interest on the stolen loan proceeds, of $317,377.86. At the hearing, the court also found that Gober deposited an additional $178,000 in note proceeds into the unauthorized account and that Terra was entitled to recover an additional $5,193.84 in interest paid on a separate unauthorized loan. The court further found that Gober had made restitution in the amount of $191,784.07, for a net amount embezzled of $307,284.96.

Terra's complaint contained a general prayer for "such other and further relief, special or general, legal or equitable, as Plaintiff may be shown to be justly entitled to receive...." Terra asserts that the general prayer embraces all the findings of fact in the judgment. Gober, however, argues that where Terra pleaded specifically, the general prayer will not enlarge the pleadings to encompass facts not specifically alleged. Because we find that the judgment itself is valid and immune from collateral attack, we need not resolve this dispute.

The treatment of a "void" judgment differs from that of a "voidable" judgment. A void judgment is subject to both direct and collateral attack, while a judgment that is merely voidable must be corrected through ordinary appellate or other direct procedures. *Browning v. Placke,* 698 S.W.2d 362, 363 (Tex.1985). A judgment is void only when it is shown that the court had no jurisdiction over the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or lacked capacity to act as a court. *Id.; Cook v. Cameron,* 733 S.W.2d 137, 139 (Tex.1987). All errors other than jurisdictional defects render the judgment voidable rather than void and must be corrected on direct appeal. *Browning,* 698 S.W.2d at 363.

Texas courts have often used these terms loosely; as a consequence, decisions holding a judgment void on direct review do not necessarily provide authority for the proposition that the same judgment would be subject to collateral attack. *Tidwell v. Tidwell,* 604 S.W.2d 540, 542 (Tex.App.—Texarkana 1980, no writ); 48 Tex.Jur.3d Judgments § 276 (1986). The Texas Supreme Court has attempted to clarify the difference by stating that a judgment is void and subject to collateral attack only where it was rendered without " 'jurisdictional power' in the sense of lack of subject matter jurisdiction.... Absent one of those rare circumstances that makes the judgment "void,' the mere fact that an action by a court of appeals is contrary to a statute, constitutional provision or rule of civil or appellate procedure makes it "voidable' or erroneous." *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990); *see also Clayton v. Hurt,* 88 Tex. 595, 32 S.W. 876, 877 (1895) (holding that where court has personal and subject matter jurisdiction, "such judgment is never void, no matter how erroneous it may appear, from the face of the record or otherwise, to be").

Although the Texas Supreme Court in *Gause* did indeed hold that failure to conform to the pleadings renders a default judgment "void," it did so on direct review of a denial of a motion for new trial, not on collateral attack. *Gause,* 101 S.W.2d at 223. Moreover, Gober cites no other case holding a judgment "void" on collateral attack for failure to conform to the pleadings.[5]

---

[5]Gober cites *State v. Estate of Brown,* 802 S.W.2d 898 (Tex.App.—San Antonio 1991, no writ), which held a judgment void on direct appeal, and *Starr v. Ferguson,* 140 Tex. 80, 166 S.W.2d 130, 132 (1942), which reversed a judgment on writ of error for failure to conform to pleadings.

Although failure to conform to the pleadings may subject a judgment to reversal, we conclude that Texas courts would not treat such variance, even if substantial and prejudicial, as a jurisdictional defect that will render the judgment subject to collateral attack. *See Cities Serv. Oil Co. v. Green,* 251 S.W.2d 906, 910 (Tex.App.—Texarkana 1952, writ ref'd n.r.e.) (holding that insufficiency of pleadings does not render judgment void "even though the judgment should grant more relief than is demanded....") (citation omitted). Texas courts rarely reverse judgments due to variance between pleadings and proof unless prejudicial. *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931, 937 (Tex.) ("[A] broad submission of an issue will [not] be reversed simply because one or more acts which contributed to the injury was not particularly pleaded or proved.") (citation omitted), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980). And unlike a defect in subject matter jurisdiction which cannot be waived by the parties, *see Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 443 (Tex.1993), an objection to a variance between pleadings and proof may be waived if not timely raised. *Brown,* 601 S.W.2d at 937; *cf. Borden v. Guerra,* 860 S.W.2d 515, 525 (Tex.App.—Corpus Christi 1993, writ dism'd by agr.) (holding that although judgment granting damages in excess of amount pleaded is erroneous, any variance is waived if party fails to object). Consequently, any failure to conform to the pleadings, no matter how egregious, did not deprive the state court of jurisdiction to render the judgment against Gober, and thus the judgment is not void.

C

Gober contends that because the state court struck his pleadings and deemed all of Terra's material allegations admitted, the issues relevant to discharge were not actually litigated for purposes of collateral estoppel. As a general rule, an issue is "actually litigated" only when it is properly raised by the pleadings, submitted for a determination, and actually determined. *In re Garner,* 56 F.3d at 680 (citing Restatement (Second) of Judgments § 27 cmt. d (1982)).[6] The Restatement of Judgments further instructs that "[a]n issue is not actually litigated if ... it is raised by a material allegation of a

---

[6]Texas courts follow Restatement (Second) of Judgments § 27 in determining when to allow issue preclusion. *Bonniwell,* 663 S.W.2d at 818; *Van Dyke v. Boswell, O'Toole, Davis & Pickering,* 697 S.W.2d 381, 384 (Tex.1985); *Tarter v. Metropolitan Sav. and Loan Ass'n,* 744 S.W.2d 926, 928 (Tex.1988); *Texas Real Estate Comm'n v. Nagle,* 767 S.W.2d 691, 694 (Tex.1989).

party's pleading but is admitted (explicitly or by virtue of a failure to deny) in a responsive pleading....
In the case of a judgment entered ... by default, none of the issues is actually litigated." Restatement
(Second) of Judgments § 27 cmt. e (1982). *Compare* 18 Charles A. Wright, Arthur R. Miller, &
Edward H. Cooper, *Federal Practice and Procedure* § 4442 (1981) (noting that a default judgment
should not support issue preclusion because "the essential foundations of issue preclusion are lacking
for want of actual litigation or actual decision of anything ... [and because] a defendant may suffer
a default for many valid reasons other then the merits of the plaintiff's claim").

The general term "default judgment," however, is used loosely to describe very different types
of judgments under Texas law. One common type is the simple default where the defendant fails to
answer the plaintiff's complaint. *Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex.1979). In a
no-answer default judgment, "it is said that the non-answering party has "admitted' the facts properly
pled and the justice of the opponent's claim." *Id.* at 682. Courts generally hold that no-answer
default judgments fail to meet the "actually litigated" prong of the issue preclusion test. *See In re
Shuler,* 722 F.2d at 1257 n. 6 (citing *Spilman v. Harley,* 656 F.2d 224, 228 (6th Cir.1981), and
referencing cases cited therein); *Thompson v. Turner (In re Turner),* 144 B.R. 47, 51-53
(Bankr.E.D.Tex.1992); *Cardenas v. Stowell (In re Stowell),* 113 B.R. 322, 329
(Bankr.W.D.Tex.1990).

Another type of default judgment is the "post-answer" default in which the defendant files
an answer but does not appear at trial.[7] A post-answer default "constitutes neither an abandonment
of the defendant's answer nor an implied confession of any issues joined by the defendant's answer."
*Stoner,* 578 S.W.2d at 682. Because the merits of the plaintiff's claim remain at issue, judgment
cannot be rendered on the pleadings, and the plaintiff must offer sufficient evidence to meet his
burden of proof as if at trial. *Id.* at 682. We recently held in *In re Garner* that issues in a

---

[7]A third type of default judgment, the judgment nihil dicit, is not relevant to this appeal. A
nihil dicit judgment is usually limited to situations where (1) the defendant has entered some plea,
usually of a dilatory nature, but the plea fails to place the merits of the plaintiff's case in issue, or
(2) the defendant has placed the merits of the case in issue by filing an answer, but the defendant
later withdraws his answer. *Frymire Eng'g Co., Inc. v. Grantham,* 524 S.W.2d 680, 681
(Tex.1975).

post-answer default judgment are actually litigated for purposes of collateral estoppel and may be given preclusive effect in a subsequent dischargeability proceeding in bankruptcy. 56 F.3d at 680.

The parties dispute which type of judgment, the no-answer default or the post-answer default, more closely characterizes the judgment against Gober. Terra contends that because Gober filed an answer and participated in the litigation, the judgment is a post-answer default and is therefore indistinguishable from the judgment at issue in *Garner.*

Gober, by contrast, argues that after the state court struck his answer, none of Terra's claims with respect to liability remained at issue. Under Texas law, once the court strikes the defendant's answer as a discovery sanction, the defendant is placed in the same legal position as if he had filed no answer at all. *Minnick v. State Bar of Tex.,* 790 S.W.2d 87, 89 (Tex.App.—Austin 1990, writ denied); *Assicurazioni Generali, S.p.A. v. Milsap,* 760 S.W.2d 314, 317 (Tex.App.—Texarkana 1988, writ denied). As in a no-answer default judgment, the defendant is deemed to have admitted all of the plaintiff's allegations with respect to liability. *Fiduciary Mortg. Co. v. City Nat. Bank of Irving,* 762 S.W.2d 196, 200 (Tex.App.—Dallas 1988, writ denied). Terra was not required to present *any* proof of liability to support the interlocutory default judgment. *Castanon v. Monsevais,* 703 S.W.2d 295, 297 (Tex.App.—San Antonio 1985, no writ). Therefore, Gober contends that the court should afford the judgment no greater collateral estoppel effect than a no-answer default.

However, the default judgment against Gober did not entirely dispense with Terra's burden of proof. Specifically, conduct sufficient to warrant punitive damages is not regarded as admitted by default. *Sunrizon Homes, Inc. v. Fuller,* 747 S.W.2d 530, 534 (Tex.App.—San Antonio 1988, writ denied); *Herbert v. Greater Gulf Coast Enters.,* 915 S.W.2d 866, 872 (Tex.App.—Houston [1 Dist.] 1995, no writ). At the damages hearing, Terra was required to establish by a preponderance of the evidence that the degree and type of Gober's misconduct warranted punitive damages. *Sunrizon Homes,* 747 S.W.2d at 534 (holding that plaintiff in default judgment must both plead knowing conduct and present evidence that extent of defendant's knowledge warranted additional damages); *Fleming Mfg. Co., Inc. v. Capitol Brick, Inc.,* 734 S.W.2d 405, 409-10 (Tex.App.—Austin 1987, writ ref'd n.r.e.) (same); *Ford Motor Co. v. Durrill,* 714 S.W.2d 329, 347 (Tex.App.—Corpus

Christi 1986), *judgment vacated by agr.,* 754 S.W.2d 646 (Tex.1988) (holding that burden of proof for exemplary damages is preponderance of evidence); *see also In re Limbaugh,* 155 B.R. 952, 957 (Bankr.N.D.Tex.1993) (affording preclusive effect to penalty default judgment in dischargeability proceeding where plaintiff presented evidence sufficient to support award of punitive damages).

The law at the time the state court rendered the judgment against Gober was clear; to support an award of punitive damages, the defendant's act must not only be unlawful, "but must partake of a wanton and malicious nature." *Ware v. Paxton,* 359 S.W.2d 897, 899 (Tex.1962); *see also Akin v. Dahl,* 661 S.W.2d 917, 921 (Tex.1983) (same), *cert. denied,* 466 U.S. 938, 104 S.Ct. 1911, 80 L.Ed.2d 460 (1984). The state court specifically found, "after hearing the evidence and arguments of counsel," that Gober acted "maliciously and willfully when he converted [$307,284.96], for which exemplary and punitive damages should be awarded." Gober had the right to participate in the damages hearing and contest the extent of his culpability, even though he could not contest liability *per se. Fleming,* 734 S.W.2d at 409. We therefore find that the issue of Gober's mental state was fully and fairly litigated for collateral estoppel purposes. Gober is precluded from relitigating the issue of whether his conduct was willful and malicious for the purposes of § 523(a) dischargeability.[8]

In so holding, we are mindful of the procedural safeguards afforded Gober and do not purport to establish a *per se* rule that collateral estoppel precludes relitigation of issues whenever punitive damages are assessed against a defendant after default. The rationale for the general rule denying preclusive effect to default judgments is that a party may choose not to litigate issues for reasons that have nothing to do with the merits of the case—for example, if the amount at stake does not justify the expense of contesting the lawsuit. However, Gober did not simply give up at the outset, but

---

[8]As alternative grounds for denying collateral estoppel effect, Gober asserts (1) that the state court's specific findings were not essential to the judgment because the court was not required to make any findings of fact to sustain the judgment of default and (2) that the issues relevant to discharge were not established by at least a preponderance of the evidence as required by *Grogan,* 498 U.S. at 284-85, 111 S.Ct. at 658 (noting that issue preclusion does not apply where creditor asserting preclusion faced lesser burden of proof than preponderance of evidence standard in dischargeability proceeding). We reject both arguments—under Texas law at the time the state court rendered the judgment, the court could not have awarded punitive damages absent specific findings of malice or fraud supported by preponderance of the evidence. *Ford Motor Co.,* 714 S.W.2d at 347; *see also* TEX.CIV.PRAC. & REM.CODE ANN. § 41.003 (West Supp.1997) (raising the burden of proof to "clear and convincing evidence").

actively participated in the litigation for two years, filing counterclaims and making discovery requests. *See United States v. Gottheiner (In re Gottheiner),* 703 F.2d 1136, 1139 (9th Cir.1983) (giving preclusive effect to prior judgment entered as a result of unopposed summary judgment motion; "[t]hat after many months of discovery [the debtor] decided his case was no longer worth the effort does not alter the fact that he had his day in court").

Furthermore, the court struck Gober's pleadings only after Gober had repeatedly impeded the course of the proceedings by refusing to comply with discovery and by defying court orders. The Restatement contemplates that "even if [an issue] was not litigated, the party's reasons for not litigating in the prior action may be such that preclusion would be appropriate." Restatement (Second) of Judgments § 27 cmt. e (1982). Other circuits, applying federal rules of issue preclusion in dischargeability proceedings, have applied this principle to bar relitigation of issues determined by default as a result of sanctions for discovery abuses and dilatory tactics. *See FDIC v. Daily (In re Daily),* 47 F.3d 365, 368 (9th Cir.1995) (applying collateral estoppel principles where "denying preclusive effect to the [prior] judgment ... would permit [debtor] to delay substantially and perhaps ultimately avoid payment of the debt by deliberate abuse of the judicial process."); *Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush),* 62 F.3d 1319, 1324 (11th Cir.1995) (holding that "where a party has substantially participated in an action in which he had a full and fair opportunity to defend on the merits, but subsequently chooses not to do so, and even attempts to frustrate the effort to bring the action to judgment," collateral estoppel is proper). We similarly find that the circumstances surrounding the state court proceedings in this case bolster our conclusion that the bankruptcy and district courts properly afforded collateral estoppel effect to the judgment against Gober.

III

Gober contends that the bankruptcy and district courts erred in abstaining from hearing his claims for offsets and credits based on unpaid salary, business expenses, and the value of Gober's ownership interest in Terra. Gober previously asserted these claims as counterclaims in the underlying state court action, but the state court dismissed them for failure to post security for costs. The bankruptcy court expressly abstained from considering the asserted offsets without explanation,

and the district court affirmed the bankruptcy court's entire judgment without reference to the bankruptcy court's abstention decision.

Under the "permissive abstention" doctrine, 28 U.S.C. § 1334(c)(1), courts have broad discretion to abstain from hearing state law claims whenever appropriate "in the interest of justice, or in the interest of comity with State courts or respect for State law." *See also Wood v. Wood (In re Wood),* 825 F.2d 90, 93 (5th Cir.1987) (noting that § 1334(c)(1) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case"). Under § 1334(c)(2), however, courts *must* abstain from hearing a state law claim for which there is no independent basis for federal jurisdiction other than § 1334(b) "if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." Mandatory abstention applies only to non-core proceedings—that is, proceedings "related to a case under title 11," but not "arising under title 11, or arising in a case under title 11." 28 U.S.C. §§ 157(b)(1) & 1334(c)(2). A court, however, may abstain at its discretion from deciding either core or non-core proceedings under § 1334(c)(1) if the interests of justice, comity, or respect for state law so require.

The bankruptcy court failed to indicate the particular section under which it abstained; we note, however, that § 1334(c)(2) would not require abstention in this case because no proceeding has been commenced in state court.[9] Nothing, however, prevents a court from permissively abstaining under § 1334(c)(1) where some, but not all, of the requirements for mandatory abstention are met.[10]

---

[9]Furthermore, were abstention mandatory under § 1334(c)(2), we would have no power to review the district court's decision. Former § 1334(c)(2), applicable to cases, such as this one, commenced under Title 11 before October 22, 1994, provides that "[a]ny decision to abstain or not to abstain made under this subsection is not reviewable by appeal or otherwise by the court of appeals...." 28 U.S.C. § 1334(c)(2) (1993), *amended by* 28 U.S.C. § 1334(c)(2) & (d) (Supp.1996).

[10]Gober urges that abstention was improper because Terra failed to file a motion to abstain under 28 U.S.C. § 1334(c) as required under Bankruptcy Rule 5011(b), thus depriving him of notice and an opportunity to be heard on the issue. We disagree. Permissive abstention under § 1334(c)(1) may be raised by the court *sua sponte. Austin v. Cockings (In re Cockings),* 195 B.R. 915, 917 n. 3 (Bankr.E.D.Ark.1996); *Roddam v. Metro Loans, Inc. (In re Roddam),* 193 B.R. 971, 975 n. 3 (Bankr.N.D.Ala.1996); *Scherer v. Carroll,* 150 B.R. 549, 552 (D.Vt.1993); *Richmond Tank Car Co. v. CTC Invs. (In re Richmond Tank Car Co.),* 119 B.R. 124, 125 (S.D.Tex.1989). Moreover, the bankruptcy court afforded Gober ample opportunity to brief this

The decision to abstain or not to abstain is committed to the discretion of the district court, and we will affirm unless the court clearly abused its discretion. *Howe v. Vaughan (In re Howe),* 913 F.2d 1138, 1143 & n. 6 (5th Cir.1990).

Although neither the bankruptcy court nor the district court offered any rationale for abstention in its judgment, the bankruptcy judge stated at a hearing on Gober's claims that he would abstain "since at this point the federal question is resolved and goes purely to issues of state law as to whether there are any credits or offsets due on that judgment." We find no abuse of discretion because we agree that Gober's claims hinge solely on questions of state law and invoke no substantive right created by federal bankruptcy law. Gober's claims exist wholly outside of bankruptcy—indeed, Gober asserted them in state court almost a decade before he filed his bankruptcy petition. Furthermore, there is no basis for federal jurisdiction of Gober's claims other than § 1334(b).[11]

Gober, however, argues that abstention was an abuse of discretion because Gober's claims can no longer be adjudicated in any other forum. Gober relies on *Umbreit v. Stump, Harvey & Cook, Inc. (In re Baltimore Motor Coach Co.),* 103 B.R. 103, 107 (Bankr.D.Md.1989), for the proposition that permissive abstention is improper where it would result in the total loss of the claim due to the expiration of the statute of limitations. The court in *In re Baltimore Motor Coach,* however, considered a debtor's post-petition claim that had been filed in bankruptcy court within the limitations period, but for which the state statute of limitations expired during the pendency of the action.[12] Gober, by contrast, concedes that the statutes of limitations on his state law claims expired long

---

issue and present arguments in opposition to abstention, and Gober did so in a supplemental letter brief submitted at the request of the bankruptcy judge.

[11]Gober's claims do not satisfy the requirements for federal question jurisdiction under 28 U.S.C. § 1331 or for diversity jurisdiction under 28 U.S.C. § 1332. We discern no other basis for federal jurisdiction.

[12]Moreover, the holding of the Maryland bankruptcy court in *In re Baltimore Motor Coach* seems to conflict with a later holding of the district court for the District of Maryland in *Mona v. Citizens Bank and Trust of Maryland,* 143 B.R. 375 (D.Md.1992). In *Mona,* the court held that a plaintiff should not be permitted to forego an available forum until after the limitations period has expired and then raise that lack of an alternative forum as a bar to abstention. *Id.* at 381.

before he filed his bankruptcy petition.[13]  In fact, Gober implies that his claims are viable in federal court at this late date only because they constitute defensive actions for recoupment in the dischargeability proceeding.

Gober confuses the concepts of "recoupment" and "setoff."  Recoupment is a demand asserted to diminish or extinguish the plaintiff's demand that arises out of the same transaction forming the basis of the plaintiff's claim;  setoff, on the other hand, arises out of a transaction extrinsic to the plaintiff's claim.  *REW Enters., Inc. v. Premier Bank, N.A.,* 49 F.3d 163, 170-71 (5th Cir.1995);  *Garza v. Allied Finance Co.,* 566 S.W.2d 57, 62-63 (Tex.App.—Corpus Christi 1978, no writ);  *Hunt v. Bankers Trust,* 689 F.Supp. 666, 672 (N.D.Tex.1987) (citing 3 Jeremy C. Moore et al., *Moore's Federal Practice* ¶ 13.02 (2d ed. 1985)).  Defensive claims for recoupment are never subject to statutes of limitations as long as the plaintiff's action is timely.  *Bull v. United States,* 295 U.S. 247, 262, 55 S.Ct. 695, 700, 79 L.Ed. 1421 (1935);  *Distribution Serv., Ltd. v. Eddie Parker Interests,* 897 F.2d 811, 812 (5th Cir.1990);  *Morriss-Buick Co. v. Davis,* 127 Tex. 41, 91 S.W.2d 313, 314 (1936);  *Garza,* 566 S.W.2d at 63.  Counterclaims for setoff, however, are subject to the applicable statute of limitations just as if they were asserted as independent actions.  *Morriss-Buick Co.,* 127 Tex. 41, 91 S.W.2d at 314;  *Smith v. American Fin. Sys., Inc. (In re Smith),* 737 F.2d 1549, 1552 (11th Cir.1984);  *Gibson v. United States (In re Gibson),* 176 B.R. 910, 917 (Bankr.N.D.Ore.1994).

Gober's claims for unpaid salary, business expenses, and other compensation do not arise out of the same set of transactions as the embezzlement of client funds and loan proceeds underlying Terra's objection to dischargeability.  Indeed, Gober asserts as much when he argues that his claims were not compulsory counterclaims in the state court action.  TEX.R.CIV.P. 97(a) (defining a compulsory counterclaim as one "aris[ing] out of the transaction or occurrence that is the subject matter of the opposing party's claim");  FED.R.CIV.P. 13(a) (same);  *see also Plant v. Blazer Fin.*

---

[13]At this stage of the proceedings, we need not determine whether the Texas two- or four-year statute of limitations applies to Gober's claims.  *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 16.003-16.004 & § 16.051 (Vernon 1986).  Under the longest possible limitations period, Gober's claims became time-barred several years before he filed his bankruptcy petition.

*Servs., Inc. of Ga.,* 598 F.2d 1357, 1364 (5th Cir.1979) (noting similarity between requirements for recoupment and those for compulsory counterclaim under FED.R.CIV.P. 13(a)); *Hunt,* 689 F.Supp. at 672 (equating setoffs with permissive counterclaims and claims for recoupment with compulsory counterclaims). By his own admission, Gober's claims cannot constitute claims for recoupment and therefore are subject to the applicable Texas st atute of limitations. The district court could have denied the claims outright without reaching the merits; at the very least, the court's decision to abstain was not an abuse of discretion.

IV

Gober last contends that the state court's award of $75,000 in attorney's fees and post-judgment interest that has accrued on the judgment since January 6, 1984, should be discharged even if the primary debt is nondischargeable. He therefore asks that we reverse the bankruptcy court's summary judgment order and remand the case for a determination of the exact amount that is nondischargeable.

We decline Gober's request: the status of ancillary obligations such as attorney's fees and interest depends on that of the primary debt. When the primary debt is nondischargeable due to willful and malicious conduct, the attorney's fees and interest accompanying compensatory damages, including post-judgment interest, are likewise nondischargeable.[14] *Stokes v. Ferris (In re Stokes),* 150 B.R. 388, 393 (W.D.Tex.1992) (holding all debt s awarded by a Texas court, including punitive damages, legal fees, and post-judgment interest, to be nondischargeable), *aff'd,* 995 F.2d 76 (5th Cir.1993); *Klingman v. Levinson,* 831 F.2d 1292, 1296-97 (7th Cir.1987) (holding attorney's fees nondischargeable); *Jennen v. Hunter (In re Hunter),* 771 F.2d 1126, 1131 (8th Cir.1985) (holding that attorney's fees and interest attach to primary debt and are nondischargeable); *Stanley v. Cole (In re Cole),* 136 B.R. 453, 459 (Bankr.N.D.Tex.1992) (holding exemplary damages, costs and interest

---

[14]Gober furthermore contends that the bankruptcy court erred in finding the state court's award of $75,000 in attorney's fees nondischargeable because such fees are not recoverable in a conversion suit under Texas law. In essence, Gober challenges the propriety of the underlying debt itself, not its dischargeability in bankruptcy. Such an attack should have been raised on direct appeal; Gober's collateral attack on the state court judgment itself is no defense to a § 523(a) dischargeability proceeding. *See* discussion, *supra,* section IIB.

nondischargeable); *In re Christian,* 111 B.R. 118, 122-23 (Bankr.W.D.Tex.1989) (holding attorney's fees nondischargeable); *cf. Jordan v. Southeast Nat'l Bank (In re Jordan),* 927 F.2d 221, 226-28 (5th Cir.1991) (holding that where party has contracted to pay attorneys' fees and interest for collection of nondischargeable debt, fees and interest also will not be discharged in bankruptcy), *overruled on other grounds, Coston v. Bank of Malvern (In re Coston),* 991 F.2d 257 (5th Cir.1993). In sum, Gober's assertion that the state court's award of attorney's fees and post-judgment interest should be discharged has no merit.

V

For the foregoing reasons, we AFFIRM the judgment of the district court in all respects.