

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2008

# In Re: Bricker

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3849

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Bricker " (2008). *2008 Decisions.* Paper 1577.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1577

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3849

_____


IN RE: KENNETH G. BRICKER; ELLEN BRICKER; PAMELA J. MEIER;
JOSEPH J. MEIER; ADELINE J. HUFFMAN;
RICHARD F. MONNING; LINDA B. MONNING,

Appellants

v.

THOMAS L. MARTIN

_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 04-cv-01491)
District Judge:  The Honorable Thomas M. Hardiman

_____

ARGUED OCTOBER 31, 2007

Before: RENDELL and NYGAARD, Circuit Judges, and McCLURE,* District Judge.


(Filed:  February 20, 2008)

---

*Honorable James F. McClure, Jr., District Judge for the United States District
Court for the Middle District of Pennsylvania, sitting by designation.

Peter V. Marcoline, Jr., Esq. (Argued)
245 Fort Pitt Boulevard, 3rd Floor
Pittsburgh, PA 15222
Counsel for Appellants

Francis C. Sichko, Esq. (Argued)
6 South Main Street
630 Washington Trust Building
Washington, PA 15301
Counsel for Appellee

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the decision of the District Court.

Kenneth Bricker, along with Ellen Bricker, Pamela J. Meier, Joseph Meier, Adeline J. Huffman, Richard F. Monning, and Linda Monning were investors duped into a scheme in which debtor and defendant Thomas Martin was allegedly an operative. The investors were led to believe that their investment provided capital to a venture that purchased used railroad equipment and resold it to other railroads. When the scheme collapsed, exposing the sham, the investors sued Mr. Martin in state court on a number of claims including, *inter alia*, fraud and securities charges. Shortly after, Mr. Martin filed

2

bankruptcy. The investors filed a complaint to determine dischargeability of their fraud and unregistered securities claims.

The court discharged the fraud claims, but abstained from adjudicating the claim focusing on the sale of unregistered securities. The investors appealed, claiming that the Bankruptcy Court erred by discharging the fraud claims and erred by *sua sponte* granting relief from stay regarding the unregistered security claim. Alternately, the investors claimed that the District Court erred by affirming the Bankruptcy Court's abstention from adjudicating the unregistered securities claim. All of the investors' arguments lack merit.

First, we do not agree with the investors that the Bankruptcy Court exceeded its authority when it acted *sua sponte* with regard to the unregistered securities claim. The District Court upheld the Bankruptcy Court's abstention on this claim. The Bankruptcy Court may permissively abstain *sua sponte*. See *Gober v. Terra + Corp.*, 100 F.3d 1195, 1207 n.10 (5th Cir. 1996). Moreover, we do not have jurisdiction to examine the District Court's review of the Bankruptcy Court's abstention. 28 USCA 1334(d).[1]

---

[1]·"Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. Subsection (c) and this subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy." 28 U.S.C.A. § 1334(d).

Additionally, we do not find any merit in the investors' argument that the District Court erred by affirming the Bankruptcy Court's discharge of the fraud claims. We agree with the District Court that the Bankruptcy Court did not make a factual or legal error in finding that the investors failed to meet their burden of proving that Mr. Martin knowingly made false representations.