In re Paul E. VRUSHO, Debtor.

Banknorth, N.A., Plaintiff,

v.

Beverly and George Vrusho, and Paul E. Vrusho, Defendants.

Bankruptcy No. 03–12567–MWV.
Adversary No. 04–1029–MWV.

United States Bankruptcy Court,
D. New Hampshire.

July 12, 2004.

David A. Garfunkel, Jeanne P. Herrick, Gallagher, Callahan & Gartrell, P.A., Concord, NH, for Plaintiff.

Nancy H. Michels, Michels & Michels, Londonderry, NH, for Defendants Beverly and George Vrusho.

Willam S. Gannon, Willam S. Gannon PLLC, Manchester, NH, for Defendant Paul E. Vrusho.

### MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it Defendants Beverly and George Vrusho's ("Senior Vrushos") motion to dismiss the above-captioned adversary proceeding commenced by Banknorth, N.A. ("Plaintiff"). The Plaintiff filed its objection to the motion to dismiss and a memorandum of law in support of its objection. On March 30, 2004, the Court held a hearing on this matter and took the matter under advisement. For the reasons set out below, the Court grants the Senior Vrushos' motion to dismiss.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).

### FACTS

On July 24, 2003, Paul E. Vrusho ("Debtor") filed a Chapter 7 bankruptcy petition in this Court. In his schedules, the Debtor listed Family Bank, the Plaintiff's predecessor-in-interest, as holding a claim in the amount of $80,000 for a judgment entered against the Debtor. The Senior Vrushos are the parents of the Debtor. The Senior Vrushos have held one checking account and two savings accounts with the Plaintiff, and those accounts were not listed in the Debtor's schedules. The title to these accounts states that the funds are held by the Senior Vrushos in trust for the benefit of the Debtor. On February 6, 2004, the Plaintiff filed a complaint against the Debtor and the Senior Vrushos seeking a determination that the funds held in the Senior Vrushos' accounts are actually property of the Debtor and, therefore, the Plaintiff is entitled to exercise its right of set-off. The Plaintiff argues that the Debtor fraudulently transferred the funds in those accounts to his parents in an effort to put that money out of the reach of his creditors. As authority for its claims, the Plaintiff relies on the Uniform Fraudulent Transfer Act, MASS. GEN. LAWS ch. 109A, § 5; N.H. REV. STAT. ANN. ch. 545–A:4. The Debtor answered to the complaint stating that he has no interest in the bank accounts until the death of his parents and that the Senior Vrushos have the right to remove and spend the money in those accounts as they choose.

On March 12, 2004, the Senior Vrushos filed a motion to dismiss this adversary

proceeding based upon five alternative grounds: (1) mandatory abstention under 28 U.S.C. § 1334(c)(2); (2) discretionary abstention under 28 U.S.C. § 1334(c)(1); (3) lack of personal jurisdiction; (4) failure to state a claim; and (5) the proceeding being premature, filed before a discharge determination was made. The Plaintiff objected to the motion to dismiss on March 25, 2004.

## DISCUSSION

■■■ Section 1334(c) of title 28 provides that a district court may abstain from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Abstention may be mandatory or discretionary. In certain circumstances involving state law causes of action that are related to a bankruptcy case, but do not arise under the Bankruptcy Code or in the bankruptcy case, the Court is required to abstain from hearing the proceeding. 28 U.S.C. § 1334(c)(2). The two criteria that call for mandatory abstention under section 1334(c)(2) are (i) absent section 1334(b), the cause of action (one "related" to the bankruptcy case) could not have been commenced in a federal court; and (ii) the proceeding is commenced and can be timely adjudicated in a state forum. See 1 King et al., COLLIER ON BANKRUPTCY ¶ 3.05[2] (15th rev. ed. 2001). The Court need not decide whether this proceeding is "related to" a case under title 11, because no proceeding has been commenced regarding this matter in state court. Since not all requirements for mandatory abstention are met, mandatory abstention is not applicable.

■■■ Discretionary abstention is provided for in section 1334(c)(1), which states:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). Discretionary abstention applies to core matters as well as to related matters. COLLIER ON BANKRUPTCY ¶ 3.05[1]. Although section 1334(c)(1) grants discretionary abstention power to the "district court," the First Circuit has determined that a bankruptcy court can enter discretionary abstention orders which may then be appealed. See In re Middlesex Power Equipment & Marine, Inc., 292 F.3d 61, 69 (1st Cir.2002). "Courts have broad discretion to abstain from hearing state law claims whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'" In re Gober, 100 F.3d 1195, 1206 (5th Cir.1996).

■■■ The Senior Vrushos argue that even if the Court determines that it does have jurisdiction, the Court should nonetheless abstain from hearing this adversary proceeding under 28 U.S.C. § 1334(c)(1) because the Plaintiff brought this action solely for its benefit and this action has nothing to do with the Trustee or bankruptcy estate.

The Court agrees. In its complaint, the Plaintiff states that $69,849.69 was held in the Senior Vrushos' accounts as of the date the Debtor filed bankruptcy, July 24, 2003. This amount is less than the Debtor's judgment debt owed to the Plaintiff. Thus, if the Court determines that the Plaintiff has a right to set-off, the funds to be recovered will go to the Plaintiff and nothing will be left in the estate for the benefit of the creditors. The Plaintiff argues that this proceeding does have impact on the bankruptcy estate, but it fails to demonstrate how the success of its claims could benefit either the estate or the creditors. The Plaintiff does not suggest that the resolution of its claim in a state court

will interfere or delay the administration of the estate. The Plaintiff's claims are based on state law, and this proceeding can be timely adjudicated in a state forum of appropriate jurisdiction. Accordingly, the Court finds that it is in the interest or comity with state law for the court to abstain from hearing this proceeding. The Senior Vrushos' motion to dismiss is granted. To the extent necessary for the Plaintiff to pursue its claims in another forum, the Court hereby grants the Plaintiff relief from automatic stay imposed under § 362 of the Bankruptcy Code.

### CONCLUSION

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate judgment consistent with this opinion.

DONE AND ORDERED.