# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2014

Lyle W. Cayce
Clerk

No. 12-50462

In the Matter of:  LOTHIAN OIL, INCORPORATED; LEAD I JVGP, INCORPORATED,

Debtors

-----------------------------------------------------------------------------------------------------------

SHOSHANA TRUST, Lothian Cassidy Claimant, Capital One Northfork Claimant, Big Lake Claimant; ANNA MEISHER PENSION PLAN, Lothian Cassidy Claimant, Capital One Northfork Claimant; YG TRUST, Lothian Cassidy Claimant, Capital One Northfork Claimant; AKBERALI KHAKEE PENSION PLAN, Capital One Northfork Claimant, Webb Claimant; PENSION SOLUTIONS, Capital One Northfork Claimant; 731 895 866, L.L.C., Capital One Northfork Claimant; LISTOKIN FAMILY TRUST, BPZ Claimant; MYG TRUST, Put Exercise Claimant; HERZBERG FAMILY TRUST, Put Exercise Claimant; YYSD TRUST, Put Exercise Claimant; SPITZER FAMILY TRUST, Put Exercise Claimant; MOSES FAMILY TRUST, Put Exercise Claimant; BRENDA CRAYK, Put Exercise Claimant; HIRSHBERG FAMILY TRUST, Put Exercise Claimant; JG TRUST, Put Exercise Claimant; S. POLLAK AUDIOLOGICAL P.C. PROFIT SHARING PLAN, Put Exercise Claimant; JACOB DEKELBAUM, Big Lake Claimant; MIRIAM DEKELBAUM, Big Lake Claimant; YS TRUST, Big Lake Claimant; ISRAEL GROSSMAN, Webb Claimant, Big Lake Claimant, Casselman Well and Compensation Claimant; FEINBERG FAMILY TRUST, Put Exercise Claimant; SHORIVGER TRUST, BPZ Claimant; LOTHIAN CASSIDY, L.L.C.,

Appellants,

v.

BRUCE RANSOM; TOM KELLY; SETH MARKOWITZ; VINCE BORRELLO; DAVIS GERALD & CREMER; WALTER MIZE, being sued as "Estate of Walter Mize"; KEN LEVY, Appellee was originally in State Court action and has never been served, There are Orders to Seek Summons currently pending in Bankruptcy Court.; EUI-YULL HWANG, Appellee was originally in State

No. 12-50462

Court action and has never been served, There are Orders to Seek Summons currently pending in Bankruptcy Court.; RAOUL BAXTER, Appellee was originally in State Court action and has never been served, There are Orders to Seek Summons currently pending in Bankruptcy Court.; DANNY MASTERS, Appellee was originally in State Court action and has never been served, There are Orders to Seek Summons currently pending in Bankruptcy Court.; JOHN CARLSON, Appellee was originally in State Court action and has never been served, There are Orders to Seek Summons currently pending in Bankruptcy Court.; LOTHIAN ENERGY, P.L.C., Appellee was originally in State Court action and has never been served, There are Orders to Seek Summons currently pending in Bankruptcy Court.; BCP, INCORPORATED, Appellee was originally in State Court action and has never been served, There are Orders to Seek Summons currently pending in Bankruptcy Court.; BIG LAKE SERVICES, INCORPORATED; ALAN GELBAND; SCOTT WILSON; CASEY DAVIDSON,

Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CV-43

Before STEWART, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:*

This case relates to the bankruptcy of Lothian Oil, Inc. and its affiliated companies (collectively "Lothian"), a matter that has already engendered multiple appeals to this court. *See Grossman v. Belridge Grp. (In re Lothian Oil, Inc.)*, 531 F. App'x 428 (5th Cir. 2013) ("*Lothian IV*"); *Anti Lothian Bankruptcy Fraud Comm. v. Lothian Oil, Inc. (In re Lothian Oil, Inc.)*, 508 F. App'x 352 (5th Cir. 2013) ("*Lothian III*"); *Grossman v. Lothian Oil Inc. (In re*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50462

*Lothian Oil Inc.)*, 650 F.3d 539 (5th Cir. 2011) ("*Lothian II*"); *FCR Guardian Trust v. Lothian Oil, Inc. (In re Lothian Oil Inc.)*, 411 F. App'x 736 (5th Cir. 2011) ("*Lothian I*").

## I.

Lothian filed for Chapter 11 bankruptcy in the Western District of Texas on June 13, 2007. On June 27, 2008, the bankruptcy court approved the "Second Modified Amended Joint Plan of Liquidation of the Debtors" (the "Restructuring Plan" or "Plan"). In September of 2009, an unofficial committee of shareholders (the "Anti-Lothian Committee"), including several Appellants here, filed a post-confirmation challenge to the Restructuring Plan in the bankruptcy court, alleging that several property transfers approved by the Plan resulted from improper inside dealing. In a decision that was later affirmed by this court in *Lothian III*, the bankruptcy judge rejected the Anti-Lothian Committee's challenge to the Restructuring Plan. Shortly thereafter, Appellants filed a state-court action in Kings County, New York (the "Kings County case"), alleging the same purported misconduct that the Anti-Lothian Committee raised in the bankruptcy proceeding. The complaint asserts numerous state-law claims against a variety of individuals and corporate entities involved with the Lothian bankruptcy (the "Kings County claims") and seeks, among other relief, a constructive trust over the oil and gas properties transferred from the Lothian estate during the bankruptcy.[1]

---

[1] The district court described the Kings County complaint as follows:

The complaint asserts causes of action for fraud, breach of fiduciary duty, gross negligence, conversion, breach of contract, tortious interference with contract, equitable estoppel, promissory estoppel, and unjust enrichment. The plaintiffs accuse various defendants of converting, fraudulently transferring, misappropriating, and generally committing unspeakable atrocities upon the

No. 12-50462

On February 1, 2010, one of the defendants removed the Kings County case to the United States District Court for the Eastern District of New York. On April 22, 2010, the New York federal court denied Appellants' motions for remand and mandatory abstention and granted defendants' motion to transfer the case to the Western District of Texas. The Texas federal district court then referred the case to the bankruptcy court, which treated it as an adversary proceeding associated with the Lothian bankruptcy.

While the Kings County case was working its way from New York state court to the Texas bankruptcy court, one of the defendants filed a motion in the Lothian bankruptcy proceeding to enjoin Appellants from prosecuting the case on the ground that doing so violated the Restructuring Plan. On April 15, 2010, the bankruptcy court issued a permanent injunction prohibiting Appellants from pursuing the Kings County case and later issued contempt sanctions against Appellants and their counsel for failing to comply with the injunction. The district court affirmed the injunction on appeal, but vacated the sanctions order. In an opinion issued after briefing in this case was complete, a panel of this court affirmed both the injunction and the bankruptcy court's imposition of contempt sanctions. *Lothian IV*, 531 F. App'x at 441, 446.

While the injunction was on appeal, the bankruptcy court allowed the parties to file motions relating to the Kings County case so long as they did so in the adversary proceeding. Several of the defendants filed motions to

---

assets of Lothian Oil, Inc. The accusations range from promissory estoppel to "asset rape," and the suit, among other things, expressly seeks to undo settlements approved by the Bankruptcy Court during the Lothian Bankruptcy. The complaint itself is a bloated, meandering, and nearly indecipherable 87 pages of sweeping, dramatic, and ambiguous accusations of conspiracy, manipulation, and blackmail.

Memorandum Op. and Order, *Shoshana Trust v. Raleigh*, 7:11-cv-43-HLH, (W.D. Tex. Apr. 9, 2012), ECF. No. 121, at 2.

No. 12-50462

dismiss, which the bankruptcy court granted, holding, among other things, that it had core jurisdiction over the case and that Appellants lacked standing to assert the claims in the Kings County complaint. Appellants appealed those dismissal orders to the district court, which dismissed Appellants' appeals as untimely, except with respect to the appeal of the bankruptcy court order granting Appellee Tom Kelly's motion to dismiss (the "Kelly Dismissal Order"). The district court affirmed the Kelly Dismissal Order, finding that the bankruptcy court had core jurisdiction over Appellants' claims against Kelly and properly dismissed those claims on standing grounds.

In this appeal, Appellants challenge numerous rulings by the bankruptcy and district courts in the adversary proceeding, including the Kelly Dismissal Order and the district court's decisions concerning the timeliness of their appeals. Kelly, who is proceeding pro se, informs us only that he agrees with the district court's decision concerning Appellants' claims against him. The other Appellees urge that the district court correctly found that Appellants failed to timely appeal the bankruptcy court orders dismissing them. The parties have also submitted a variety of motions, both before and after oral argument. We have jurisdiction pursuant to 28 U.S.C. § 1291.[2]

---

[2] Appellants assert that we lack jurisdiction to review the decision of the United States District Court for the Eastern District of New York denying Appellants' motion for mandatory abstention and that, as a consequence, we should transfer this appeal to the Second Circuit. Because Appellants have not appealed that decision to us, however, we see no reason to transfer or to even reach the question of whether we would have jurisdiction over that order. Appellants point out that they attempted to appeal the New York order to this court in an earlier appeal which the panel dismissed for lack of jurisdiction while striking Appellants' motion to transfer to the Second Circuit because the attorney who filed it was not admitted to practice in the Fifth Circuit. Appellants request that we reinstate that appeal, but provide no argument or authority as to why that request is properly directed to this panel or, assuming it is, why this panel should do so.

## II.

Under the law-of-the-case doctrine, we are bound by the panel opinion in *Lothian IV*. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 385–86 (5th Cir. 2011).[3] In affirming the bankruptcy court's injunction, the *Lothian IV* panel examined the Kings County complaint in detail and made several findings concerning the case that control our resolution of the instant appeal. First, the *Lothian IV* panel held that all of the claims asserted by Appellants in the Kings County complaint "are derivative of an injury Lothian suffered." 531 F. App'x at 441. Accordingly, the claims "became part of Lothian's bankruptcy estate." *Id.* The panel also held that pursuant to the terms of the Restructuring Plan, the claims "reverted to Lothian upon confirmation of the Plan." *Id.*; *see also id.* at 436 n.9. In short, the panel held that the claims asserted in the Kings County case belong to Lothian, not Appellants.

Second, the panel found that the Kings County suit was an attempt to relitigate the issues raised by the Anti-Lothian Committee in *Lothian III* and that granting Appellants the relief they seek in the Kings County suit would in effect undo the Lothian bankruptcy proceeding and violate the terms of the Restructuring Plan. *Id.* at 440. Consequently, the *Lothian IV* panel held, "[r]egardless of the merits of the Kings County claims, they cannot be divorced from the bankruptcy proceeding itself." *Id.*

The *Lothian IV* decision makes clear that the district court did not err in holding that the bankruptcy court had core jurisdiction over Appellants' claims against Kelly. Indeed, it is clear from the *Lothian IV* decision that the bankruptcy court had core jurisdiction over all the claims asserted in the Kings County case. This court has held that claims which are "inseparable from the

---

[3] Although this court has recognized a few exceptions to the law-of-the-case doctrine, *see Lyons v. Fisher*, 888 F.2d 1071, 1075 (5th Cir. 1989), none are applicable here.

bankruptcy context" and cannot "stand alone from the bankruptcy case" fall within the bankruptcy court's core jurisdiction. *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 931 (5th Cir. 1999); *see also EOP-Colonnade of Dallas Ltd. P'ship v. Faulkner (In re Stonebridge Techs., Inc.)*, 430 F.3d 260, 267 (5th Cir. 2005). As the *Lothian IV* panel held, the Appellants' claims in this case are so intimately tied to the Lothian bankruptcy that they "cannot be divorced from the bankruptcy proceeding itself." 531 F. App'x at 440. Accordingly, the bankruptcy court had core jurisdiction[4] over Appellants' claims, including their claims against Kelly.[5]

The *Lothian IV* decision likewise makes clear that Appellants lack standing to assert their claims against Kelly since, under *Lothian IV*, Appellants lack standing to pursue any of the Kings County claims. The *Lothian IV* panel held that all the claims Appellants assert in the Kings County case allege harm to Lothian and therefore became part of the Lothian bankruptcy estate. *Id.* at 441. The panel also found that, under the terms of the Restructuring Plan, the claims passed from the bankruptcy estate to the

---

[4] Because the bankruptcy court had core jurisdiction over Appellants' claims, the court correctly denied Appellants' repeated motions for mandatory abstention. *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir. 1996); *see also Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 300–01 (5th Cir. 2007); *In re Southmark*, 163 F.3d at 929.

[5] Appellants urge that even if the bankruptcy court had core jurisdiction over the Kings County claims, it nonetheless lacked constitutional authority to adjudicate at least some of those claims under *Stern v. Marshall*, 131 S. Ct. 2594 (2011). In *Stern*, the Supreme Court held that a bankruptcy court lacked the authority under Article III of the Constitution to adjudicate a state-law counterclaim that was "in no way derived from or dependent upon bankruptcy law" and that existed "without regard to any bankruptcy proceeding." 131 S. Ct. at 2618. This court has already held, however, that the Kings County claims "cannot be divorced from bankruptcy proceeding itself" and that they belong to Lothian by operation of the Restructuring Plan approved by the bankruptcy court. *Lothian IV*, 531 F. App'x at 440. Unlike the claim at issue in *Stern*, therefore, the Kings County claims are by their nature intimately tied to the Lothian bankruptcy proceeding.

restructured Lothian. *Id.* at 436 n.9, 441. With respect to causes of action that become part of a bankruptcy estate, only the entity to which those claims are reserved under the restructuring plan has standing to assert them. *See McFarland v. Leyh (In re Tex. Gen. Petroleum Corp.)*, 52 F.3d 1330, 1335 & n.4 (5th Cir. 1995); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 386–88 (5th Cir. 2009). This standing requirement is jurisdictional. *Dynasty Oil and Gas, LLC v. Citizens Bank (In re United Operating, LLC)*, 540 F.3d 351, 354–55 (5th Cir. 2008); *see also Nat. Benevolent Ass'n of the Christian Church (Disciples of Christ) v. Weil, Gotshal & Manges, LLP (In re Nat. Benevolent Ass'n of the Christian Church (Disciples of Christ))*, 333 F. App'x 822, 826 (5th Cir. 2009). Because the Restructuring Plan reserved the Kings County claims to Lothian, not Appellants, only Lothian has standing to assert them. *Tex. Gen. Petroleum Corp.*, 52 F.3d at 1335 & n.4. Accordingly, the Appellants lack standing to assert any of the claims in the Kings County case. Because Appellants lack standing to assert any of the claims at issue, we do not address the other issues raised in their appeal.

### III.

For the foregoing reasons, we AFFIRM the district court's order holding that the bankruptcy court had core jurisdiction over Appellants' claims against Kelly and that Appellants lack standing to assert those claims. Because Appellants also lack standing to assert any of their remaining claims, we DISMISS the remainder of the appeal for lack of jurisdiction. Appellants' motions for reinstatement of the 10-50407 appeal and transfer to the Second Circuit are DENIED. All other pending motions are DENIED as moot.